have carefully read the record in this case, and find no ground for disturbing the result at the trial term. We will go further, and say that the appeal seems to us to be taken solely for delay. It was decided by this court in the case of Medler v. Railroad Co., 12 N. Y. Supp. 930, affirmed in court of appeals without opinion 126 N. Y. 669, 27 N. E. 854, that it was negligence for the driver to suddenly start an open horse car when the passenger was on the step for the purpose of alighting therefrom. The converse of the rule would seem equally true,—that it was a negligent act to suddenly and without warning start when the passenger was on the step, and before he had time to get his seat in the car. The defendant's counsel, however, contend that plaintiff was riding on the step for the reason that he could not find a seat. If so, the case is stronger against the company. If the plaintiff was forced to ride in a dangerous place. Then he was not guilty of contributory negligence in so doing, and the employes of the company were bound to exercise greater care. Spooner v. Railroad Co., 54 N. Y. 230; Werle v. Railroad Co., 98 N. Y. 650. The verdict was not excessive within the principles laid down by this court in the case of Vail v. Railroad Co., 6 Misc. Rep. 20, 26 N. Y. Supp. 59. Judgment and order denying new trial affirmed, with costs.

---

(9 Misc. Rep. 270.)

### ARNESEN v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term. June 25, 1894.)

STREET CARS—INJURY TO PERSON DRIVING ON TRACK.

     It is not negligence to drive along a street-railway track, as the right of the railway company, though paramount, is not exclusive.

Appeal from trial term.

Action by Jens Arnesen against the Brooklyn City Railroad Company for personal injuries. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.

Thos. E. Pearsall, for respondent.

CLEMENT, C. J. This appeal is taken from an order denying a new trial on the minutes, and from a judgment entered on a verdict in favor of the plaintiff for the sum of $15,000. No point is made that negligence on the part of the motorman in the employ of the company was not proven. The testimony of five passengers on the car which struck the van driven by plaintiff, and of two passengers on a car on the other track, tends strongly to prove a case of gross negligence. The plaintiff was driving a van loaded with furniture on the track, when a trolley car came up in the rear at a very high rate of speed, and struck the truck, and carried the same along the track for a distance of at least 20 feet. The night was clear, and there was a full moon. The motorman could see the truck ahead of him for several blocks. No warning was given with the

bell, and the brake was not used until after the car struck the truck.

The first point made by the counsel for the appellant is that the plaintiff was guilty of contributory negligence.   We will quote from the points of counsel:

"In the present case the plaintiff was familiar with the railroad track, and knew that cars frequently passed along them.  He knew of the roadways at the sides of the tracks, and had driven on them.  He knew that, if he had driven along the left-hand track, instead of the right-hand track, he would not have run the risk of a collision, for he would then have been facing the direction from which the cars approached, and could readily have turned out to the side road to let them pass.  Yet, on the night in question, with a covered wagon, loaded to the top, he elected to drive along the right-hand track, on which the cars would approach from behind him.  Had he driven along either of the roadways at the sides of the tracks, which he could have done without any difficulty, he would have been absolutely safe.  So, of four parts of the avenue along which he could have driven, he voluntarily selected the only one along which it was dangerous for him to drive.  It is unreasonable to say, in view of these facts, that the jury were justified in inferring that the plaintiff exercised the care that a reasonably prudent person would have exercised under the circumstances."

As we read the above quotation, it is a claim that a party driving ·on a street-railway track is, for that reason, guilty of contributory negligence.  This is a bold contention, and is not supported by the law.   The railroad company had only a paramount right to the use ·of the street.   The plaintiff had a right to drive on the track, or on the side of the track, as suited his convenience.   If he drove on the track, he was bound to respect the paramount right of the railroad ·company.  In this case the plaintiff had looked back to see if a car was near shortly before the collision, and had no warning of the approach of the car, for none was given, according to the testimony ·of a number of disinterested witnesses.   This question was before us in the case of Quinn v. Railroad Co. (City Ct. Brook.) 12 N. Y. Supp. 223, affirmed in court of appeals, without opinion, 134 N. Y. 611, 31 N. E. 629, and was determined adversely to the claim of the appellant.   See, also, Bernhard v. Railway Co., 68 Hun, 369, 371, 22 N. Y. Supp. 821; Witte v. Railroad Co., 4 Misc. Rep. 286, 23 N. Y. Supp. 1028; Adolph v. Railroad Co., 65 N. Y. 554, 76 N. Y. 530; Fleckenstein v. Railroad Co., 105 N. Y. 655, 11 N. E. 951.

It is also contended by the counsel for the appellant that the ver-·dict of $15,000 was excessive.   We have carefully read the record, and examined the testimony on this point, and conclude that there is nothing to show that the verdict was the result, of passion or prejudice.   Juries are instructed, in actions for negligence, that the plaintiff is entitled to compensation for the injury, and for pain and suffering.   It is not solely a question how much a plaintiff has ʼlost in power to earn money.   A case has recently been tried in this ·court where the plaintiff was a bookkeeper, and lost his leg, as he claimed, while in the act of attempting to board a street car.   It appeared at the trial that he had then a larger salary than before the injury, so that the loss of the leg had not impaired his power to earn his living.   We state this to illustrate the point that a party ·seriously injured as the result of a negligent act may not suffer

a money loss, and yet be entitled to recover compensation for the injury. In this case the verdict would be excessive if the damages were awarded solely for loss of earning power, but it appears from the testimony that the plaintiff was seriously injured, and will always be a sickly man.

The exceptions at folios 172, 173, 269, 404, 418, 421, and 498 have been carefully examined by us, and were not well taken, and require no discussion. The request to charge by counsel for plaintiff at folio 608, was not good law, within the rule laid down in the Adolph Case, supra. The trial judge did·not at first understand the request, but, as soon as it was explained to him, corrected what he had said before, and the counsel for plaintiff excepted. The defendant's counsel made requests to charge on the point, and the requests were granted. The request to charge at folio 619 is a claim that a reasonably prudent person should not drive on a street-railway track, and is not good law, as we have before stated. Judgment and order denying new trial affirmed, with costs.