FLORIAN FLECKENSTEIN, Respondent, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Appellant.

A street railroad company has not the exclusive right to the use of its tracks, but simply a paramount right, and while a person lawfully driving on the tracks may not recklessly, carelessly or willfully obstruct the passage of its cars, he is not absolutely bound to keep off or get off the tracks, and if he fairly and in a reasonable manner, respecting the paramount right of the corporation, is, without fault on his part, injured by carelessness or fault chargeable to it, he may maintain an action for his damages.

(Argued March 25, 1887; decided April 19, 1887.)

THIS action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence.

The following is the *mem.* of opinion:

" The evidence of the plaintiff tended to show that while he was engaged in trying to remove his team and wagon from the track of defendant's road, one of its drivers carelessly drove one of its cars against him and caused the injury of which he complains. This evidence was controverted on the part of the defendant; and hence there was a question of fact for the jury, and their decision thereon is not reviewable here.

" The trial judge did not err in charging the jury that the defendant did not have the exclusive right to the use of its

tracks, but simply the paramount right. Street railways have the lawful right to put their tracks in streets and run their cars thereon. Their cars are confined to the tracks, and cannot turn out to avoid obstacles thereon. Hence they have the right of way and persons lawfully driving upon the same tracks must not recklessly, carelessly or willfully obstruct the passage of their cars. But such persons are not absolutely bound to keep off or get off from the tracks ; they must fairly and in a reasonable manner respect the paramount right of a street railway ; and if they do this, and without any fault on their part they are injured by carelessness or fault chargeable to the railway, the law affords them a remedy by action for damages.

" The judgment should be affirmed."

*Edmund Randolph Robinson* for appellant.

*Stephen B. Jacobs* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.