Judgment must be entered for defendants, with costs.

---

## LAHEY v. CENTRAL PARK, ETC., R. Co.

(New York Superior Court — General Term, February, 1893.)

A street railroad company has the paramount, not exclusive, right to the use of its tracks.

One who temporarily obstructs the tracks of a street railway when necessarily engaged in the prosecution of a lawful business, and is injured by the negligence of the railway company, may maintain an action for damages if he himself is without fault.

Plaintiff was engaged with other workmen in the employ of a city in laying water pipes near defendant's railway track. One of the workmen had necessarily placed the hub end of a pipe against the track when one of defendant's cars came along at the rate of six miles an hour, and the step struck the hub end of the pipe, which whirled around and struck and injured plaintiff who was standing with his back to the car. A watchman had been placed by defendant at this point to see that no obstacles were in the way, but at the time of the accident he was absent. *Held*, that the jury were warranted in concluding that plaintiff was free from contributory negligence and that the driver was guilty of negligence.

APPEAL from a judgment, entered on the verdict of a jury, and from an order denying defendant's motion for a new trial.

*Harmon H. Shook*, for plaintiff (respondent).

*Vanderpoel, Cuming & Goodwin* (*Henry Thompson*, of counsel), for defendant (appellant).

GILDERSLEEVE, J. This action was brought to recover damages for injuries to plaintiff, caused by the alleged negli-

68

gence of defendant. The defendant is a corporation, and maintains and operates street railways in the city of New York. At the time plaintiff received the injuries complained of, he was engaged, with other workmen, in the employ of the city of New York, in laying water pipes in Old Slip, in said city, near the defendant's railway track. A cut had been excavated to the depth of about four feet, for the purpose of receiving a six-inch pipe, twelve feet long, and weighing about 400 pounds. Plaintiff's fellow-workmen had placed the pipe in close proximity to the cut into which it was to be put, with the hub end of the pipe against the down-town track, when one of defendant's cars came along, and the step of the car struck the hub end of the pipe and whirled it around, over and across the cut. At this time the plaintiff was standing between the cut and the pipe, at a point near the middle of the pipe, with his back to the approaching car, when the pipe, thus put in motion, struck him on his feet and caused the injuries under consideration.

It was not claimed upon the trial that plaintiff was guilty of contributory negligence. A careful examination of the record fails to disclose evidence of any negligence whatever on the part of plaintiff. The circumstances of the case, as developed by the testimony, warranted the trial court and jury in concluding, as the conduct and result of the trial indicate they must have done, that the plaintiff was free from any fault contributing to the injury. It was the duty of the plaintiff to prove by satisfactory evidence that he did not contribute to the injury by any negligence on his own part, and this requirement of the law of negligence he fairly met.

The evidence does not disclose negligence on the part of the fellow-workmen of plaintiff. It was necessary for them to have the pipe where it was, that they might place it in the cut which had been prepared for it, when it was struck by the step of defendant's car; and, so far as appears from the evidence, they did what they could to avert the accident. Any reasonable and temporary occupation by them of defendant's tracks, in the prosecution of their work, was justifiable, and

could not be made the basis of a charge of negligence. A street railroad company has not the *exclusive* right to the use of its tracks, but simply a *paramount* right. *Fleckenstein* v. *Dry Dock, etc., R. Co.*, 105 N. Y. 655. The railroad company has the preference. *Carner* v. *New York Central R. Co.*, 44 N. Y. 465. While a person may not recklessly, carelessly or willfully obstruct the passage of the cars of a street railroad, he is not bound to keep off the tracks; and if he fairly, and in a reasonable manner, respecting the paramount right of the railroad company, temporarily obstructs the track, when necessarily engaged in the prosecution of a lawful business, and is, without fault on his part, injured by negligence chargeable to the railroad company, he may maintain an action for his damages. *Fleckenstein* v. *Dry Dock, etc., R. Co.*, 105 N. Y. 655.

The learned counsel for the appellant challenges the judgment upon three grounds, to wit: *First*, plaintiff's failure to establish any negligence on the part of the defendant; *second*, excessive damages, and, *third*, errors of the court in refusing to charge certain requests of defendant's counsel.

The charge of negligence on the part of defendant's driver was fairly supported by the testimony of unimpeached and uncontradicted witnesses, and upon this question the jury found adversely to the defendant, and we are of opinion that the evidence justifies their conclusion. The work of digging cuts and lowering pipes had been going on, at or near the point where the accident occurred, for several days. The superintendent of the defendant testifies that he had placed a watchman at this point, when the cut came near to the defendant's tracks, to look after the interests of the company, and "see that our horses got safely by the opening, and that there were no obstacles in any way." At the time of the accident this watchman was temporarily absent. The car came along and passed the cut at a rate of six miles an hour, and continued on its course without stopping. A fellow-workman of the plaintiff, apprehending danger, put up his hand to stop the approaching car. Neither the driver nor the conductor

of the car were called as witnesses, and whether this warning was seen or not does not appear. If it was seen by the driver it is certain that he did not heed it.

The act of the driver of defendant's car in approaching and passing this point, where the conditions were such as to cause the defendant to apprehend danger and consequently place a watchman on guard, at the rapid rate of speed which the uncontradicted testimony shows he was driving, together with the other circumstances disclosed by the evidence, warranted the jury in concluding that the driver was guilty of negligence. The evidence, when taken as a whole, indicates very forcibly that it was the duty of defendant's driver to approach and pass this point slowly and cautiously, at a rate of speed which would have enabled him to stop his car almost instantly upon discovering danger. See *Schneider* v. *Second Ave. R. Co.*, 133 N. Y. 583; *McGrath* v. *New York Central, etc., R. Co.*, 63 id. 522; *Kissenger* v. *New York, etc., R. Co.*, 56 id. 538; *Ernst* v. *Hudson River R. Co.*, 39 id. 61.

We cannot agree with the learned counsel for the appellant that the facts in the case of *Schmidt* v. *Steinway & Hunter's Point Railway Co.*, 132 N. Y. 566, were stronger for the plaintiff than are the facts in the case at bar.

The Court of Appeals, three judges dissenting, granted a new trial in the *Schmidt* case, upon the ground " that the evidence failed to establish negligence on the part of the defendant." In that case the cut, railroad track, pipe and car correspond to the facts in this case, but the management of the car by the driver and the incidents in other respects are very different. In the *Schmidt* case the driver stopped the car as it approached the cut; the conductor looked along the track and concluded there was room to pass; the foreman in charge of the workmen signaled to the driver to come on, and the driver moved along at a walk, passing two sections of pipe, striking the third, and thereby causing the injury. Upon this state of facts it might well be said that the driver exercised the care required by the circumstances.

With regard to the contention of appellant's counsel that the verdict is excessive in the amount awarded as damages, we think that a verdict of $1,000 is not unwarranted by the facts disclosed by the evidence in this case.

No exceptions were taken to the admission or exclusion of testimony. What we have already said disposes of the errors assigned by the learned counsel for appellant to the trial court in refusing to charge as requested in respect to fellow-workmen and defendant's unrestricted use of its tracks. We are of opinion that the questions in this case were clearly for the jury, and that they were fairly submitted to the jury by the learned trial court in a comprehensive charge that correctly stated the law.

For the reasons above set forth, the judgment and order appealed from must be affirmed, with costs.

DUGRO, J., concurs.

Judgment and order affirmed.