HENRY A. BERNHARD, Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant.

*Electric street cars and ordinary vehicles — rights at crossings.*

An electric street railroad car has no right superior to that of other vehicles to a street, or to the place of crossing its tracks, opposite the end of an intersecting street, and when, on approaching such a crossing, the motorman finds a vehicle, which has approached the crossing first, in the act of properly crossing the track, it is his duty to slow up the car in time to allow the vehicle to cross in safety.

APPEAL by the defendant, the Rochester Railway Company, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of that county on the 13th day of April, 1892, upon the verdict of a jury, and from an order denying the defendant's motion for a new trial made upon the minutes of the court, entered on the 7th day of May, 1892.

*Charles J. Bissell,* for the appellant.

*John A. Bernhard,* for the respondent.

HAIGHT, J. :

This action was brought to recover the damages wnicn the plaintiff sustained to his horse and wagon by reason of a collision with one of the defendant's street cars. The defendant was engaged in operating a double-track electric street railway in Lyell avenue in the city of Rochester ; the avenue runs east and west ; Sherman street intersects the avenue at an acute angle from the northwest ;

the plaintiff was a grocer and had a horse and wagon for the purpose of delivering groceries; his driver, with the horse and wagon, approached Lyell avenue through Sherman street, and on reaching the avenue stopped to allow a westerly-bound car to pass; at this point he could see westerly on the avenue 200 feet; he looked but saw no car approaching from that direction; as the westerly-bound car passed he started to drive across the avenue to the southerly side thereof; the horse and the fore part of the wagon had passed the southern track when the defendant's easterly-bound car struck the rear of the wagon, causing the damages complained of.

It is claimed on behalf of the appellant that there was no negligence chargeable to the defendant, and that the collision occurred through the negligence of the plaintiff's driver, and that the trial court erred in denying its motion for a nonsuit, and in refusing to direct a verdict in its favor.

We are of the opinion that no error was committed in this regard, and that these questions were properly submitted to the jury. The plaintiff's driver testified that he did not hear the bell ring upon the defendant's car, but other evidence tends to show that it was rung. We shall, therefore, assume that it was sounded, as testified to by the defendant's witnesses. The plaintiff's driver was passing across the avenue on an angle coming from Sherman street, in a covered wagon with his back partially toward the approaching car; he sat in the front of his wagon, and looked west as he entered the avenue; the westerly-bound car, in a measure, obstructed his view, so that he did not see the car approaching upon the southerly track. He first approached the crossing, and was partly across when the collision occurred; the opportunity of the defendant's motorman to see the approach of the plaintiff's wagon was equally as good, if not better, than that of the plaintiff's driver to see the approach of the defendant's car; the westerly-bound car doubtless obstructed the vision to some extent, of both the motorman and the driver, but it is apparent that had the motorman been upon his guard and had proper control of his car, he could have seen the wagon in time to have stopped his car, and avoided the injury. His own evidence is to the effect that he was running at a speed of six to seven miles an hour when he struck the wagon; other evidence tends to show that

he was running at a much higher rate of speed; that he saw the plaintiff's rig as it was coming out of Sherman street into the avenue; that the west-bound car prevented him from seeing it for a while; that plaintiff's horse and wagon was traveling diagonally across the track or street in the same direction that the car was going; that the horse was on a trot, and so continued until the wagon was struck; that when he first saw the wagon after the car had passed he was pretty near to it, within six or eight feet; that he rang his bell, but the plaintiff's driver did not seem to pay any attention to it.

It thus appears that he approached the plaintiff's wagon at a speed of six or seven miles per hour, from the rear, as it was passing diagonally across the track, the horse on a trot, going with the car at the crossing where Sherman street enters the avenue, overtook the wagon, and ran into it.

The plaintiff's horse and wagon were lawfully in the street, the driver had a right to cross the defendant's tracks, exercising reasonable care, and had the right to assume that the defendant's motorman would exercise like care to prevent running into him. It was a public highway, and each party had a common right to its use. The defendant's cars can only run upon the rails; they cannot turn to the right or left to avoid teams; they are, therefore, given a paramount right to the use of the tracks, but not an exclusive right. A person may lawfully drive along or upon the tracks, but he should not carelessly or willfully obstruct the passage of the cars, and as one approaches, he should turn off from the tracks, so as to allow it to pass, and in a reasonable manner respect the paramount right of the corporation. On the other hand, the corporation must recognize the rights of the person, and not carelessly run him down, but give the necessary time and a reasonable opportunity to move off from the tracks, and allow the cars to pass. Such is the rule of the street. (*Fleckenstein* v. *The Dry Dock, East Broadway & Battery R. Co.*, 105 N. Y., 655; *Adolph* v. *The Central Park, North & East River R. Co.*, 76 id. 530.)

But at a street crossing, the rule is different; the car and the vehicle each have the right to cross, and neither has a superior right to the other. The right of each must be exercised in a reasonable and careful manner, so as not to unreasonably abridge or interfere with

the right of the other.   (*O'Niel* v. *The Dry Dock, East Broadway & Battery R. Co.*, 129 N. Y. 125–130.)

The collision, in this case, as we have seen, occurred at the crossing of Sherman street, or at the place where Sherman street intersects the avenue.   The plaintiff's driver was properly passing across the avenue, to the right side thereof, intending to continue east along the avenue ; he first approached the track, was partially across when struck ; the car had no superior right to the crossing, and the motorman, finding the vehicle in the act of crossing, should have timely slowed up so as to have allowed it to cross in safety.

The judgment should be affirmed.

All concurred.

Judgment and order of County Court of Monroe county appealed from affirmed, with costs.