PIERRE MEISCH, Respondent, *v.* THE ROCHESTER ELECTRIC RAILWAY COMPANY, Appellant.

*Negligence — an electric street railway company running over a dog — contributory negligence of the owner.*

If a dog is on the track of an electric street railway, even as a trespasser, the motorman of an approaching car is not justified in running the dog down, if by the exercise of reasonable vigilance he might have discovered the danger of his doing so in time to avert it, but it is his duty, on discovering that there is danger of running the dog down, to slacken the speed of the car.

It is not negligence, as matter of law, for the superintendent of a cemetery lying on both sides of a highway in which there is an electric railway, where the owners of the cemetery lands own the fee of the highway, subject only to the easement of passage of the public, including the railway company, to make use of the highway for the excursions of his watch dogs in the business of guarding the premises so exposed to trespassers, even when the railway track is bounded by banks of snow in such a manner as to impede the escape of a dog therefrom.

In an action brought against the railroad company for the recovery of damages for the death of a dog run over by an electric car and killed while upon the track in so using the highway, the question of whether his owner was guilty of contributory negligence in permitting the dog to be upon the highway is at least a question for the jury.

APPEAL by the defendant, the Rochester Electric Railway Company, from a judgment of the County Court of Monroe county, entered in the office of the clerk of that county on the 1st day of May, 1893, upon a verdict in favor of the plaintiff, in an action first tried in the Municipal Court of Rochester, and appealed to the County Court for a new trial; and from an order of the County Court, entered in the office of the clerk of Monroe county on the 1st day of May, 1893, denying the defendant's motion for a new trial made upon the judge's minutes.

*J. S. Thompson,* for the appellant.

*A. E. Sutherland,* for the respondent.

DWIGHT, P. J.:

The action was to recover damages for the alleged negligent killing of a valuable young dog. We think the judgment is right and

should be affirmed. The facts which the evidence tended to establish and upon which the jury had a right to base their verdict were briefly as follows : The plaintiff was superintendent of the Holy Sepulchre Cemetery, on the Boulevard or Charlotte road, extending north from Rochester, along and upon which the railroad of the defendant was constructed, and its electric cars were run. The plaintiff's house was near the north end of the cemetery property, which consisted of about 300 acres lying on both sides of the road. The plaintiff, having the charge and oversight of all this property, found it useful to keep one or more watch dogs on the premises, and at the time mentioned in the evidence he had two, one an old dog, which he had trained to patrol the premises several times a day, passing up and down the road for that purpose, and the other, the dog in question. He was a very large and well-bred English mastiff, only eleven months old, and was accustomed to accompany the old dog in his rounds, and was thus, in the most effective way, becoming trained to perform the same duties. On the day of the accident the two dogs were returning together from the southerly portion of the property to the plaintiff's house and had taken to the railroad track for that purpose. It was in January and there was deep snow on the ground, some of which had been thrown from the track by the snow plow and lay piled up to the height of two feet on either side. A water tank stood about 1,000 feet south from the plaintiff's house, and at that point there were cross openings through the snow banks, but no others, going north, until the plaintiff's gate was reached. As the defendant's car No. 14 passed the water tank, going north on the afternoon in question, the two dogs were plainly to be seen about 325 feet ahead, running on the track between the banks of snow towards their home. The car was running at a speed of from ten to twelve miles an hour ; the motorman struck his gong, but made no effort to check the speed of the car ; the older dog leaped from the track, but the younger one failed to do so and was run down and killed just as he reached and was on the point of turning through the cut in the snow bank opposite his master's gate ; he had run two-thirds the distance the car had done in the same time, and a very slight reduction in the speed of the latter at any time down to the last moment of the race, would have enabled him to escape without injury.

Upon these facts, which, as we have said, were so well supported by the evidence that the jury had a right to accept them as the facts of the case, there can be no doubt of the plaintiff's right to recover so far as the question of the defendant's negligence was concerned. Even if the dog was a trespasser on the track the motorman was not justified in running him down, but it was his duty, on discovering that there was danger of doing so, to slacken the speed of the car; and it was clearly a question for the jury whether, in the exercise of reasonable vigilance, he might have discovered the danger in time to avert it. ( *Watkins* v. *Atlantic Avenue R. R. Co.*, 20 Hun, 237; *Watson* v. *Broadway & Seventh Avenue R. R. Co.*, 6 N. Y. St. Repr. 538; S. C., 18 id. 1029; *Swift* v. *S. I. R. T. Co.*, 33 id. 604; *Bernhard* v. *Rochester Ry. Co.*, 51 id. 880.)

It is doubtful whether there was any evidence in the case which tended to charge the plaintiff with contributory negligence in permitting the dogs to be at large in the highway. The employer of the plaintiff was the owner of the land on both sides of the highway, and of the fee in the highway itself, subject only to the easement of passage of the public, including the defendant, and his right to make use of the highway for the excursions of his dogs in the business of guarding the premises so exposed to trespassers can hardly be questioned. But it was at least a question for the jury whether he was guilty of any negligence in respect to the care of the dogs on the occasion in question.

These views, if correct, dispose of the defendant's exception to the denial of its motions for a nonsuit, and for the direction of a verdict.

The single exception taken by the defendant to any ruling on the admission of evidence is not discussed on the argument here and it seems to be without merit. The same may be said of the defendant's exception to the refusal of the court to charge that no competent evidence had been given of the market value of the dog. Evidence was given on that subject by the witness Weighell, and was received without objection except on the ground that the witness, not the evidence, was incompetent. But that witness testified that he made a practice of raising and training dogs, exhibiting them at shows, and buying and selling dogs; that he knew their market value in Rochester, and that a mastiff trained to watch was

worth from $100 to $200. This evidence was uncontradicted, and the verdict of the jury was for ninety-six dollars and eighty-three cents. The motion for a new trial, therefore, on the ground of excessive damages, in addition to the ground stated in the motion for a nonsuit, was properly denied.

The judgment and order appealed from should be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.