MARY HENNESSY, Respondent, v. THE BROOKLYN CITY RAILROAD COMPANY, Appellant.

*Surface railroad company — use of its tracks by a wagon — negligence.*

A surface railroad company has a paramount but not an exclusive right to use its tracks.

A person has a right to drive upon a surface railroad company's tracks, subject to a careful regard for the rights of the railroad company, but he is bound to be vigilant to discover an approaching train, and quick to leave the tracks when such train is discovered.

A surface railroad company, whose cars were propelled by steam dummies, drove its cars at a high rate of speed on a dark, foggy night, without warning by bell or whistle, and without observing the rule which required notice to be given at a place where a highway was crossed at grade by the railroad.

*Held,* that it was guilty of negligence in colliding with a horse and wagon upon its tracks.

The wife and companion of the driver of a vehicle is responsible only for her own negligence, and her recovery of damages for injuries sustained by her cannot be defeated by the negligence of the driver.

APPEAL by the defendant, the Brooklyn City Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of March, 1893, upon the verdict of a jury for $1,200, rendered at the Kings County Circuit, and also from an order entered in said clerk's office on the 20th day of March, 1893, denying the defendant's motion to set aside the verdict, and for a new trial made upon the minutes.

*Morris & Whitehouse,* for the appellant.

*James C. Church,* for the respondent.

BARNARD, P. J.:

The defendant has a double track on the surface of Third avenue, Brooklyn. The tracks are laid about the middle of the highway, and are made like those of horse railroads, but the cars are propelled by steam dummies. On the 25th of December, 1891, the plaintiff, with her husband and children, were driving in a wagon upon this avenue from Gravesend. When they reached Third avenue they

drove upon, and continued to drive upon it towards Bay Ridge. They drove upon the right-hand track, according to the custom of travel upon this avenue, until they reached Seventy-sixth street. They saw a train approaching. At this point the right-hand side of the highway was obstructed, and they turned to the left across the defendant's track. No train was visible, and no bell or whistle was heard. There is a hill which obstructs the sight of an approaching train upon the left-hand track at this point. Only a very short distance can be seen. As soon as they attempted to cross to their left, the headlight of the train suddenly became visible. The husband, the driver, turned to the right again, but before they could free themselves from the track, they were hit by the train, and the plaintiff was injured. The proof of the defendant's negligence was clear. The defendant had a paramount right to these tracks, but not an exclusive right. (_Fleckenstein_ v. _Dry Dock, etc., R. R. Co._, 105 N. Y. 655.)

The plaintiff had a right to drive upon the tracks, subject to a careful regard to the rights of the railroad company. The defendant drove its cars on a dark night, with some fog, at a high rate of speed, without warning by bell or whistle. The rule which requires notice at a place where a highway is crossed upon grade by a railroad, should have been observed. There was no negligence which can be imputed to the owner of the wagon, plaintiff's husband. Having a right to drive upon the railroad track, he was bound to be vigilant to discover an approaching train, and quick to leave the track when he did discover it. The train approaching behind him was to be avoided, and he could not go to the right by reason of obstructions having been placed there. He got in this position by reason of a failure by defendant to give notice of its fast approaching train from an opposite direction. As soon as he discovered his danger he attempted to avoid it, but was too late. If the driver had been hurt, there is no such a case as would justify taking the question of his contributory negligence from the jury. As to the wife, a mere passenger with him in the wagon, she is responsible only for her own neglect, and her right of recovery for injuries cannot be defeated by the negligence of the driver. (_Hoag_ v. _N. Y. Central & H. R. R. R. Co._, 111 N. Y. 199; _Brickell_ v. _N. Y. Central & H. R. R. R. Co._, 120 id. 290.)

The judgment and order denying new trial should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.