JULIA WARD, as Administratrix, etc., of CHARLES C. WARD, Deceased, Appellant, *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY, Respondent.

*Right of a surface railroad to the use of its tracks, paramount but not exclusive — duty of the driver of a car.*

The right of a surface railroad to the path of its tracks over the streets of a city is paramount but not exclusive, and vehicles traveling the streets have the right to drive along the tracks, respecting the paramount right of the railroad cars, and using reasonable diligence to turn out of their way. The driver of a car is bound to give the driver of a vehicle a reasonable opportunity to get off the track, and not to run him down.

APPEAL by the plaintiff, Julia Ward, as administratrix, etc., of Charles C. Ward, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 12th day of March, 1894, upon the decision of the court, rendered after a trial at the Kings County Circuit, dismissing the plaintiff's complaint and for costs.

*Edward M. Grout*, for the appellant.

*William S. Cogswell*, for the respondent.

CULLEN, J. :

This is an appeal from a judgment in favor of the defendant entered on a nonsuit at Circuit. The action was for causing the death of plaintiff's intestate. The complaint was dismissed at the close of the whole evidence.

We think this disposition of the case was erroneous. The deceased was killed by a collision on Center street, New York, between a wagon he was driving and one of the defendant's cars.

There were but two witnesses called to testify as to the occurrence; one for the plaintiff, a bystander, and the other for the defendant, the driver of the car. According to the testimony of the first witness, the vehicle of the deceased was in the railroad tracks about ten feet in advance of the car, both proceeding in the same direction. The deceased started to turn his wagon out of the tracks, but before he had wholly accomplished this object the car collided with his rear wheels. According to the evidence of the driver the wagon of deceased was alongside of the curb and between the tracks and the sidewalk, and as the car was proceeding on its route the vehicle was suddenly driven across the front of the car, the driver in vain endeavoring to stop the car in time to avoid the collision. If the driver's testimony be true there was no negligence on the part of the defendant. But if the testimony of the plaintiff's witness be credited, that the deceased was driving in the track, there was a question of negligence on defendant's part to be submitted to the jury. The right of the defendant to the path of its tracks was only paramount, not exclusive. (*Fleckenstein* v. *Dry Dock, etc., R. R. Co.,* 105 N. Y. 655.)

Vehicles traveling the streets have the right to drive along the tracks, respecting, however, the paramount right of the railroad cars, and using reasonable diligence to turn out of their way. The driver of the car was bound to give the driver of the vehicle a reasonable opportunity to get off the track, and not to run him down. If this, therefore, was the case of a " rear-end " collision, it was certainly a case for the jury.

The defendant contends that the testimony of the driver of the car, that the deceased was driving across the front of the car, was uncontradicted. We think not. The driver testified that he saw the wagon of deceased twenty-five feet in front of the car. The

bystander says that he saw the deceased driving in the line of the car ten feet in front of it. The evidence of the driver, therefore, goes back of the time when the other witness first observed the deceased, but it might very well be argued that if the deceased started to cross in front of the car at a distance of twenty-five feet away he could not be found at a distance of ten feet away driving in the line of the .track. The evidence presented a question of fact whether the collision occurred as the deceased was driving across the track, or when he was turning out of the tracks.

The judgment appealed from should be reversed and a new trial ordered, costs to abide the event.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.