(3 App. Div. 385.)

IRVINE v. F. H. PALMER MANUF'G CO.

(Supreme Court, Appellate Division, Second Department. April 21, 1896.)

MOTION FOR REARGUMENT—OVERLOOKING DECISIVE QUESTION.

Where the only issue raised in regard to the use of a machine was whether the part produced in court was in fact defective, the court's misconception of the evidence as to the time when an inspector examined the machine was not the overlooking of a question decisive of the case.

Motion for reargument. Denied.

For decision on appeal, see 37 N. Y. Supp. 322.

HATCH, J. In order for a motion of this character to succeed, it must appear that some question, decisive of the case, was presented by counsel, which the court, in its decision, has overlooked. Mount v. Mitchell, 32 N. Y. 702; Fosdick v. Town of Hempstead, 126 N. Y. 651, 27 N. E. 382. The learned counsel for plaintiff claims that he has brought this case within the rule, and that the court has in fact overlooked evidence decisive of the case in plaintiff's favor, and has clearly misconceived the testimony of plaintiff and that of other witnesses in the case, which has produced a like result. The first claim which plaintiff makes is that the court assumed that plaintiff testified that on the second day "the punch came down about an inch, and then returned to its place," and that, with this as a basis, the court proceeded to a conclusion that the testimony was opposed to the laws of mechanics, as applied to the principle upon which the machine was operated. In opposition to this view, plaintiff asserts that no such testimony was given, and that its only basis was a statement contained in appellant's brief. We read from the record of plaintiff's testimony, submitted on appeal:

"On Saturday morning I heard a click, and the punch dropped about an inch. That was only about a quarter of its normal drop. * * * I spoke to Mr. Clark on Friday about the punch having come down without pressure. It occurred on Friday once, and once on Saturday. I knew of the punch coming down without pressure only twice. On those occasions it returned to its natural place, and did not come down again without pressure."

There is no testimony, that I am able to find, that any means were used at any time to restore the punch to its normal place when at rest, after automatic action, but, on the contrary, its restoration to place was as automatic as its displacement; and when the plaintiff said that, on those occasions when it fell, it returned to its natural place, we understand him to say that it did so automatically, and that his evidence is susceptible of no other reasonable construction. We are therefore unable to agree with plaintiff's construction in this regard. It is true that Burke says that sometimes it will take the punch half-way down, and we can see, from the operation of the machine and the principle of its construction, that if the clutch caught but slightly, and was then released, it might only carry the punch a part of the way. But such action could by no possibility automatically restore the punch again to its place, which is the essential fact. The learned counsel for plaintiff concurs in this view, as he says in his brief upon this motion, "It is quite true that the punch could not drop an inch, and then return to its place." We must conclude that we have overlooked nothing, and misconceived nothing, respecting this proposition. The opinion stated that it was "established that the machine had been in use about a year; that six months prior to the injury the manufacturers of the machine examined it, and found it at the time in a safe condition." It was testified to by defendant that the machine was practically new, and had been in use about a year. No issue was raised upon the truthfulness of this testimony. Indeed, the issue raised in this respect, and which furnished the contest upon the trial, was whether the

part produced in court was in fact defective, and not whether it had been in use a year, or less, or more.    So that in no view—whether the statement be right or wrong—was the length of use decisive of the question involved.    The other quoted paragraph was a clear misconception on the part of the court of the evidence, and plaintiff's criticism of that portion must be sustained.    Is the determination in this regard decisive of the question presented on this appeal?    If so, the motion should be granted.    If not, the plaintiff is not within the rule.    I think the question must be answered in the negative. The inspector of the manufacturer of the machine examined the machine six months before the trial, but in fact this was some eight months after the injury.    But, as we have before observed, the issue of the trial, upon this point, which was accepted by both parties, turned upon the question whether or not the part of the machine produced upon the trial was defective.    It is at once apparent that if the part was in fact defective, whether the inspector examined the machine six months prior to the accident, or after the accident, could not avail, as against the present condition of the machine produced in court, which was accepted as the test.    For, if this part was then found defective, his examination could not avail against it; if perfect, then his statement did not add to the fact, for it was the machine itself that spoke, and not the witness' examination of it some months before, although such testimony was pertinent as bearing upon the negligence of the defendant, and the character of the machine when the examination was made.    It is sufficient now to say that the assumption was not decisive of the controversy.    That was based upon plaintiff's testimony, the par' and model of the machine produced, and the principle of its construction and operation.    So far. as the part of the machine produced is concerned, we have the fact that a part and model was produced at the trial; that the whole was introduced in evidence at the suggestion of plaintiff's counsel; a part and model was produced before the court upon the argument before us, accompanied by the statement that they were the same part and model used upon the trial.    Nothing appears upon this motion to show that they were not the same, and in support of the fact is the affidavit of the attorney and the counsel who tried and argued the case that the part and model produced before us are the same which were introduced in evidence upon the trial.    The part and model must therefore be regarded as sufficiently identified.    The affirmance by the court of appeals (43 N. E. 990) of Van Sickel v. Ilsley, 75 Hun, 538, 27 N. Y. Supp. 1113, does not affect the question now before us.    We recognized before, we recognize now, that if this case rested upon the oral statements of witnesses the decision would be the same as in that case.    But here the part of the machine is produced before us, and we are able to see, from the testimony and the machine itself, that plaintiff's version of how this machine operated cannot be sustained without the violation of mechanical laws.    I have read carefully plaintiff's statement of facts in the Ilsley Case, and do not see that it conflicts with the conclusion reached herein.    This class of cases is to be considered and disposed of upon the particular facts which are found present in the

record of each.    Expressions may be found in one case which are in apparent conflict with another.    But the language used must be construed having regard to the particular facts of the case under consideration, and strictly limited to that alone.    People v. Barker, 147 N. Y. 31–38, 41 N. E. 435.    Each case submitted receives our careful consideration and this one is no exception.    The earnest insistence of counsel for plaintiff in support of his motion has led to this somewhat lengthy expression, partially as an assurance to him, and to others who may be similarly situated, that errors which may be committed we shall hasten to correct when properly called to our attention, yet that mere variance of view does not entitle a party to a reargument of his case.

We find no ground upon which to grant a reargument in this case. Motion denied, with $10 costs and disbursements.    All concur.