## FISHBACH v. STEINWAY RY. CO. OF LONG ISLAND CITY.

(Supreme Court, Appellate Division, Second Department. December 30, 1896.)

1. STREET RAILROADS—INJURY TO PERSON ON TRACK—QUESTIONS FOR JURY.

The questions of negligence and contributory negligence were for the jury, where plaintiff, with his son, testified that on a dark morning he drove his covered wagon upon defendant's tracks; that they could see for two or three blocks, and each looked to the rear, and, seeing no car, continued to drive on for about three blocks, occupying from four to eight minutes; that neither looked to the rear a second time; and that defendant, without warning, ran its car into the wagon; and there was evidence that the road by the side of the track was out of repair, as a result of the recent construction of defendant's road; and the testimony for defendant was that the morning was so dark that objects could not be seen for a greater distance than 18 feet; that the car was running only five miles an hour, with bell sounding; that the motorman did not discover the wagon until the car was within 15 feet of it; and that he then reversed the motive power; and that plaintiff had been up all night, and was sleepy, and had previously slept in his wagon while on the tracks. Winter v. Railroad Co., 28 N. Y. Supp. 695, 8 Misc. Rep. 362, overruled.

2. EXPERT EVIDENCE—COMPETENCY OF WITNESS.

One may testify to the value of a horse, when the testimony, though slight, shows that he has some knowledge on the subject.

Appeal from trial term, Queens county.

Action by Jacob Fishbach against the Steinway Railway Company of Long Island City, for injuries to person and property caused by defendant's negligence. From a judgment entered on the verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Eugene L. Bushe, for appellant.

Ferdinand E. M. Bullowa, for respondent.

HATCH, J. The testimony upon the part of the plaintiff tended to establish that at about 5:30 o'clock on the morning of December 11, 1895, he drove a covered baker's wagon upon defendant's tracks. He was accompanied by his son, who sat upon the seat in the wagon by his side. The wagon was first driven in the west-bound track, but, seeing a car approaching upon that track in his front, he turned off, and drove upon the east-bound track to allow the car to pass. Plaintiff and his son both testify that, when they came upon the east-bound track, they could see for a distance of two or three blocks; that each looked to the rear for the purpose of seeing whether a car was approaching from that direction, and, seeing none, continued to drive east upon the track for a distance of about three blocks, occupying a period of from four to eight minutes. Neither the father nor son looked to the rear after making their first observation. Defendant's tracks at this point had been recently constructed, and plaintiff's evidence tended to establish that the road by the side of the track was out of repair, and driving therein would be attended with difficulty, if it could be done at all. There is some proof, in this connection, that the condition to some extent was due to the construction of defendant's road. It is, however, a matter of inference arising from the evidence, rather than a fact established by direct proof. Plaintiff claimed, and his evidence tends to support the claim, that, while in this position, the defendant, without any warning, ran its trolley car into the rear end of his wagon with force sufficient to shatter the same, injuring the horse so that he was thereafter required to kill it, and inflicting severe injuries to his person.

The testimony upon the part of the defendant tended to establish that the morning was very dark; that objects could not be seen for a greater distance than 18 feet; that the car was running at the rate of 5 or 6 miles an hour, and the motorman was sounding the bell; that he did not discover plaintiff's wagon upon the track until his car was within 15 to 18 feet of it; that he then reversed the motive power of the car, but was unable to prevent a slight contact with the wagon, inflicting little, if any, damage thereto. Further proof tended to establish that plaintiff was a baker, had been up all night, was in a sleepy condition, and had, prior to that time, been found asleep in his wagon upon the tracks.

We are of opinion that, upon this proof, the court was correct in holding that the question of defendant's negligence and of plaintiff's contributory negligence became questions of fact for determination by the jury. We should not have deemed it necessary to give expression of our views in written opinion in this case, were it not for the fact that in one opinion, at least, now relied upon to reverse this judgment, expression of what facts constituted contributory negligence, as matter of law, in a somewhat similar case does not meet with approval in our present view. In Winter v. Railroad

Co., 8 Misc. Rep. 362, 28 N. Y. Supp. 965, the court held, as matter of law, that failure by the driver of a wagon, in a street-car track, to remove his wagon therefrom in time to avoid collision with a car approaching from his rear, when by looking to his rear he might have discovered the car in time to leave the track and avoid the collision, was guilty of contributory negligence, even though the motorman might, by the exercise of proper care, have avoided the collision. This case is easily distinguishable from the present in the fact that the accident happened in broad daylight, the driver had made no attempt to observe the approach of the car, and had been in the track for nearly half an hour, and concededly the bell was sounded announcing the approach within the driver's hearing. In the present case, if plaintiff is to be believed, he made observation for the approaching car, was in the track but a short time, and had driven therein for a short distance, and no car was visible, when he looked, for a distance of two or three blocks, and he testified that he heard no bell ring upon the approaching car.

I do not wish, however, to dispose of the present question upon this distinction. The opinion in the Winter Case was written by the present writer. Subsequent reflection, however, has led my mind to the conclusion that its doctrine in this respect is unsound, and that its view is not in harmony with the current of contemporary authority and later decisions. This decision was based upon Adolph v. Railroad Co., 76 N. Y. 538. There are some expressions in the opinion of Judge Folger which are susceptible of a construction which would support the rule laid down in the Winter Case. But subsequent interpretation of that decision by the courts has left the case to stand upon no more stringent rule than that the person driving in a car track must exercise reasonable care, and this is to be determined from a consideration of the obligations resting upon the operator of the car, the burden of use which general traffic imposes upon the street, and the rule that the car has the paramount, but not the exclusive, right of way. McClain v. Railroad Co., 116 N. Y. 459, 22 N. E. 1062; Bernhard v. Railway Co., 68 Hun, 371, 22 N. Y. Supp. 821. In many streets the burden of use by the street cars themselves would amount to an exclusive use of the street if all other traffic was to halt when a car was in motion. So the care required is relative, having regard to the burden of use, and the right of vehicles as well as street cars to occupy the street for passage. The increasing burden which traffic has imposed upon many streets, and the necessity which arises out of that condition, has modified somewhat the rule of the earlier cases. The operator of a street car is bound to have the car under control, and to so operate the same as to give vehicles a reasonable opportunity to get off the track, and to exercise reasonable diligence in making discovery of obstructions in his front. Fleckenstein v. Railroad Co., 105 N. Y. 655, 11 N. E. 951; Ward v. Railroad Co., 79 Hun, 390, 29 N. Y. Supp. 784; Meisch v. Railway Co., 72 Hun, 604, 25 N. Y. Supp. 244; Smith v. Railway Co., 7 App. Div. 253, 40 N. Y. Supp. 148; Kessler v. Railroad Co., 3 App. Div. 426, 38 N. Y. Supp. 799; Rooks v. Railroad Co. (Sup.) 41 N. Y. Supp. 824.

We have before had occasion to assert that, in this class of cases, each must be determined upon its particular facts. Irvine v. Manufacturing Co., 3 App. Div. 388, 39 N. Y. Supp. 245. In this case we think that the questions of negligence and contributory negligence were for the jury, and that the case was properly submitted.

It was not error to allow plaintiff to testify to the value of the horse. The testimony, while slight, showed that he had some knowledge upon the subject; and it was for the jury to determine how much weight should be given to his opinion. The statement of what he paid was some evidence of value, although not responsive to the question. If the defendant did not desire it to remain, it should have moved to strike it out, as the objection did not reach the matter.

No substantial error appearing, the judgment should be affirmed, with costs. All concur.