### DEVINE v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

STREET RAILROADS—COLLISION WITH VEHICLE—INSTRUCTIONS.

    The rear of plaintiff's wagon was struck by an approaching car while he was driving along the track of a street railway. In an action to recover for injuries sustained, the jury were instructed that plaintiff had the right to assume that he would be given timely warning of the approach of the car. *Held* error, as it gave the jury to understand that, if defendant failed to give timely warning, plaintiff was absolved from all contributory negligence.

Appeal from trial term.

Action by Charles Devine against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.
S. D. Morris, for respondent.

WOODWARD, J. The plaintiff in this action was injured in a collision between a car operated by the defendant and a wagon driven by the plaintiff in one of the streets of the borough of Brooklyn. The accident occurred on the 19th day of December, 1896, at 6:20 p. m., at a point between Seventy-Seventh and Seventy-Eighth streets, on Third avenue. The plaintiff was driving on the avenue, using the tracks of the defendant. There was evidence to show that the night was dark, and that the highway was not well lighted. The plaintiff had been driving on the tracks of the defendant for a considerable distance, and had on one or more occasions turned out, on a signal from the motorman, to allow cars to pass. At the time of the accident it appears that he had not been keeping watch behind

him, and the first intimation which he had of the approach of the car was given him by his son, who, looking around and seeing the car within a few feet, called attention to the fact. Before the plaintiff could get clear of the track, his wagon was struck, and he was thrown to the ground, receiving the injuries complained of. The motorman testified that he did not see the wagon ahead of him on the tracks until he was within 25 feet of the wagon, when he applied the brake, but was unable to stop the car until the collision, although it was running at a speed of about 6 miles per hour. It was in evidence that the car was running down a grade of something over 2 feet in 100, and the motorman testified that he could stop the car at the point of the collision in about the length of the car.

The case was submitted to the jury upon the questions of negligence on the part of the defendant and contributory negligence on the part of the plaintiff, the court correctly stating the rule of law applicable to the case in the general charge. The error in the case appears in the statement of law made by plaintiff's counsel, and acquiesced in by the court, on a request by the defendant to charge "that the plaintiff had no right to suppose or presume that the car would come up and stop before it reached him." This the court charged. Plaintiff's counsel then suggested that "he had the right to assume that they would give him timely warning of its approach,—the motorman." To this the court replied, "I have so charged;" thus giving the jury to understand that, if the defendant had failed to give "timely warning," the plaintiff was absolved from all contributory negligence. This is not the law. While it was the duty of the motorman to give timely warning, if he saw the wagon, or if he might, in the exercise of reasonable care, have seen the wagon, in time to have given such warning, he was not bound to do so under all circumstances; and it was for the jury to determine, under all the circumstances of this case, whether the motorman had discharged his duty, and whether the plaintiff had been free from contributory negligence. The defendant did not have the absolute right to the use of the tracks; the plaintiff might lawfully drive upon them; but the defendant did have the paramount right, and the plaintiff could not drive upon the tracks of the defendant, and impose upon it the absolute duty of giving timely warning of the approach of the car. The plaintiff was charged with the duty of exercising reasonable care, in using the tracks of the defendant, to guard against collision. He could not depend upon the motorman to give timely warning. He was bound to exercise that degree of care which reasonably prudent persons should or would have exercised under the same conditions; and, if he failed in this regard, he was not entitled to recover damages under the law. He could not enter upon the tracks of the defendant, and, closing his eyes to his surroundings, await the timely warning of the defendant's motorman. "He is bound," say the court in the case of Adolph v. Railroad Co., 76 N. Y. 530, 537, "to keep out of the way when the need, under such circumstances, arises that he should. Hence there is upon him the duty of learning when the need has arisen or is likely to arise, and, as it is a duty actively to be performed, he is bound to use all the ordinary means of learning; and

all his natural senses are surely a part of those means, and to be used
in such way as that they will bring information to him.    So that
he may not wait to hear a signal of the approach of a car, but he must
at intervals look backward for it.    He is enjoying a right liable to
frequent interruption.    It is a condition of his enjoyment of it that
he make no needless delay.    He should use his senses to effect that
result."    This rule is sustained by the court in the case of Daven-
port v. Railroad Co., 100 N. Y. 632, 3 N. E. 305, and in McClain v.
Railroad Co., 116 N. Y. 459, 465, 22 N. E. 1062.    Indeed, it is the
only rule of law consistent with justice, under the circumstances of
this case.    In quoting the language of the opinion of Judge Folger in
Adolph v. Railroad Co., supra, we do not wish to be understood to
have overlooked the limitations placed upon the doctrine there laid
down by the cases of Fleckenstein v. Railroad Co., 105 N. Y. 655, 11
N. E. 951, and Fishbach v. Railway Co., 11 App. Div. 152, 42 N. Y.
Supp. 883; nor do we wish to decide that, as a matter of law, it is
negligence for the driver to fail to turn and look backward to dis-
cover the approach of a car from the rear.    But it is a question of
fact for the jury whether, under the circumstances of the case, such
precaution was necessary.    The jury are to determine, as a question
of fact, whether, under all the circumstances, the defendant was guilty
of negligence in not giving timely warning; and it is equally a ques-
tion for the jury whether the plaintiff has been guilty of contributory
negligence, and this question is entirely out of the control of the jury,
if, as a matter of law, the plaintiff had a right to rely upon the de-
fendant giving him timely warning that it desired the use of the
tracks.    If the night was dark, and the highway poorly lighted, so
that the defendant's motorman, in the exercise of reasonable care,
could not have seen the wagon of the plaintiff in time to prevent the
accident, he was not bound, as a matter of law, to give such warning.
On the other hand, if the plaintiff lawfully using the tracks of the
defendant, subject to its paramount right, could, by the exercise of
reasonable care, have discovered the approaching car in time to have
left the track before the car reached him, it was his duty to do so;
and, in the absence of evidence tending to show such reasonable care,
the jury would have been justified in finding that the plaintiff had not
been free from contributory negligence, which is necessary to main-
tain this action.    It was therefore error for the trial court to leave
the jury with the understanding that the defendant owed the plain-
tiff the absolute duty of giving timely warning of the approach of the
car.

The judgment should be reversed, and a new trial granted; costs
to abide the event.    All concur.