If so, the order appealed from denying defendant's motion to compel the plaintiff's attorney to accept such service was correct.

The order appealed from was entered on April 9, 1903, and the notice of appeal contained all the recitals necessary to effectuate an appeal from such order. It also contained a notice to the effect that the appellant intended to bring up for review an order made herein on March 30, 1903. This notice of appeal was returned by plaintiff's attorney upon the sole ground that it contained such notice. Whether or not the insertion of such notice was sufficient to enable the court to review upon appeal the order therein mentioned need not be considered now. Its insertion did not render the notice of appeal void, nor ineffectual to bring up for consideration and decision the order of April 9, 1903. The question as to whether or not that order is an appealable one can best be determined when the appeal from that order is heard. The order from which this appeal is taken is clearly an appealable one under section 3189 of the Code of Civil Procedure, and the plaintiff's ground for refusing to accept service of a notice of appeal therefrom was untenable, and the order denying defendant's motion to compel him to accept service was error.

Order reversed, with costs and disbursements, and motion granted. All concur.

---

HAYES v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. TRIAL—EXAMINATION OF WITNESS.

Exclusion, on plaintiff's redirect, of questions calling for testimony already given, is not error.

2. SAME—REDIRECT.

It is not error to permit a witness to explain on his redirect what he said on his cross-examination.

3. SAME—INSTRUCTIONS.

It is not error to refuse a negative conclusion of law, applicable to a situation not shown in the evidence.

Appeal from City Court of New York.

Action by Samuel Hayes against the Metropolitan Street Railway Company. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Kneeland, La Fetra & Glaze, for appellant.

Henry A. Robinson, F. A. Gaynor, and Bayard H. Ames, for respondent.

PER CURIAM. Aside from the contention that the verdict in this, an accident case, was against the weight of evidence—a point upon which the judgment will not be reversed, in view of the conflicting material evidence adduced by the respective parties—the appellant rests upon exceptions taken to rulings of the learned court. Three were to the exclusion, upon the plaintiff's redirect, of questions calling for testimony he had already given; three others were to permit-

ting a witness to explain on his redirect what he had said on his cross; another was to the court's refusal to charge that the rights of the plaintiff and his truck and the defendant's car were equal on Second avenue, which, as the collision was on a block between the streets, would have been contrary to settled law (Fleckenstein v. Railroad Co., 105 N. Y. 656, 11 N. E. 951); another, to a negative conclusion of law, applicable only to a situation not shown in the evidence; still another, to using the words "if imprudent" in a paraphrase of the familiar doctrine as to contributory negligence, which had been charged more than once in more customary form; and lastly to referring to a police officer as the "plaintiff's witness," which in that form occurs nowhere in the charge but only that "the plaintiff himself put upon the stand a policeman," and that was fact. Each of the rulings and remarks adverted to was proper.

Judgment affirmed, with costs to the respondent.

WEBER v. FARRELL.

(Supreme Court, Appellate Term. June 30, 1903.)

1. CONTRACTS—CONSTRUCTION.
　　Defendant, being engaged in the construction of a work for a railway company, W. contracted to do the pile driving and timber work, and to furnish ironwork therefor at a certain price per bolt, rod, etc., the work to be subject to the approval of defendant and the engineer of the rail-way company; payment to be 85 per cent. on work done each previous month, and balance on final completion. Defendant accepted the following order drawn by W.: "Pay plaintiff on my account for iron delivered to me by him, to be used on my contract with you,, plan # 179. Payments to be made as iron is used, as per my contract, on monthly bills furnished by plaintiff." Held, that the order and contract were to be construed together, and plaintiff could only recover for iron used, and not for all iron delivered.

2. SAME—BURDEN OF PROOF.
　　The burden was on plaintiff to show delivery and progress of the work to a point where payment became due.

3. SAME.
　　Iron used in a temporary work of scaffolding, etc., necessary to construction of the permanent work, was within the contract.

Appeal from Municipal Court, Borough of Manhattan.

Action by Edward Weber against Edward J. Farrell. From a judgment in plaintiff's favor, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

J. B. Sheehan, for appellant.
O. E. Davis, for respondent.

GILDERSLEEVE, J. The defendant was engaged in the construction of the 149th Street Terminal of the Rapid Transit Subway. July 17, 1902, he made a contract with one Peter Walls to do the pile driving and timber work in connection with said terminal. The portions of the contract essential to a consideration of the ques-