JERDEN BRONK, Respondent, *v.* THE BINGHAMTON RAILROAD COMPANY, Appellant.

*Negligence — collision between a street car and a coal cart — the sounding on the trial of a gong, not identified, contrary to the court's direction, is ground for a new trial — charge as to driving on car tracks.*

In an action brought against a street railroad company to recover damages for personal injuries sustained by the plaintiff while driving a team hitched to a coal wagon upon or near the tracks of the defendant street railway in consequence of one of the defendant's cars colliding with the rear part of the wagon, or with a coal chute projecting therefrom, one of the questions litigated on the trial was as to the ringing of the gong on the defendant's car as it approached the plaintiff from the rear, and as to whether the ringing was loud enough to be a sufficient warning to the plaintiff.

During the trial the defendant brought into the court room a gong or bell which it claimed was the one attached to the car in question. The defendant's witness being unable to identify it, it was not received in evidence, and the court prohibited the bell from being sounded. Notwithstanding this, at a recess of the court, the gong was rung by an officer of the defendant and by one of its counsel in the presence of most, if not all, of the jurors. The court charged the jury to entirely disregard the sounding of the bell, and, after they had found a verdict in favor of the defendant, set aside the verdict solely on the ground of the " unjustifiable ringing of this gong."

*Held*, that the order setting aside the verdict was proper.

*Semble*, that it was error for the court to decline to charge " that it is not negligence, as a matter of law, for a man to drive on the tracks of a street railway or near the tracks of a street railway; that it is simply a question whether, under all the conditions, the man was negligent in so driving."

APPEAL by the defendant, The Binghamton Railroad Company, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome

·on the 4th day of August, 1902, granting the plaintiff's motion to set aside the verdict of a jury in favor of the defendant and for a new trial upon a case and exceptions.

*Thomas J. Keenan,* for the appellant.

*A. D. Wales,* for the respondent.

CHESTER, J.:

The action is for negligence. The plaintiff was driving a team hitched to a coal wagon near the tracks of the defendant on Main street in the city of Binghamton when one of defendant's cars collided with the rear part of the wagon or with a coal chute projecting therefrom with such force as to throw him from the wagon to the ground and to severely injure him. To recover damages for the injuries so received this action was brought. The trial resulted in a verdict for the defendant. The plaintiff made a motion to set aside the verdict and for a new trial upon the case and exceptions, upon the ground of newly-discovered evidence and for certain irregularities and misconduct on the trial. The motion was granted and the defendant has appealed.

One of the questions litigated on the trial was as to the ringing of the gong on the car as it approached the plaintiff from the rear and as to whether or not the ringing was loud enough to be a sufficient warning to the plaintiff as he was driving along in a noisy wagon with a coal chute and two shovels rattling in the bottom of the wagon box. The defendant insists that the warning was given and was sufficient and that the plaintiff did not use ordinary care else he would have heeded it and avoided the car. During the trial the defendant had brought into the court room a gong or bell attached to a box so constructed that from one touch the bell would be rung by continued vibrations of the clapper for a considerable time. It was brought there for the purpose of offering it in evidence, but the defendant's witness could not identify it as the one which was on the car at the time of the accident and it was not received. While being examined about the bell the court prohibited the witness from sounding the gong. Notwithstanding this, at a recess of the court, it was rung by an officer of the defendant and by one of its counsel in the presence of most if not all of the jurors. The bell

looked like a new bell and differed from those in ordinary use in Binghamton on electric street cars. Its construction and location in the court room were such as to make a sort of a sounding board of the platform where it stood and of the walls of the court room so that when it was rung there on this occasion it made a very loud and sonorous sound. The learned trial justice, who also heard the motion for a new trial, characterized these acts in the memorandum which he handed down upon deciding the motion as "flagrant misconduct and contempt of court even if committed thoughtlessly and without improper motive," and placed his decision of the motion solely on the ground of the "unjustifiable ringing of this gong."

The plaintiff read on the motion several affidavits of jurors as to the ringing of the gong and as to the loud noise it made in the court room. The respondent is entirely correct in saying that, under the authorities, these affidavits cannot be used to show irregularity or misconduct of jurors, but the misconduct complained of here was not that of jurors but that of a party. Besides this, all the facts with reference to the ringing of the gong in the presence of jurors are clearly proven outside of any affidavit made by one of their number so that the question of the admissibility of their affidavits is not important.

It is true that the court charged the jury to entirely disregard the sounding of the bell, and that affidavits were made by seven of them that they obeyed the instructions of the court in this respect. They may have made a conscientious effort to do this, but the influences which govern the minds of men are such that they may not have succeeded in their effort, and the plaintiff may, notwithstanding the court's instructions, have been prejudiced.

After the defendant had unsuccessfully attempted to get an exhibit of the character of this gong in evidence and to have it sounded before the jury, to take advantage of the absence of the presiding justice, during a recess of the court, to ring the bell in the presence and hearing of most of the jurors, in violation of the court's direction that that should not be done, to say the least, was conduct which showed very little appreciation of what is permissible in jury trials and which in the interest of an orderly and honest administration of justice should be emphatically condemned. I think, therefore, the verdict was properly set aside on this account.

An examination of another question leads to the same result. The court was requested by plaintiff's counsel to charge the jury "that it is not negligence as a matter of law for a man to drive on the tracks of a street railway or near the tracks of a street railway, that it is simply a question whether, under all the conditions, the man was negligent in so driving." The court: "I decline to charge otherwise than as already charged." Plaintiff's counsel excepted. The court had not covered this phase of the case in the charge, and the natural inference from the refusal to charge was that the plaintiff was negligent as matter of law by driving on or near the tracks of the defendant and consequently he was not entitled to recover. This is not the law, and the refusal to charge this proposition was error requiring a setting aside of the verdict. (*Bernhard* v. *Rochester Railway Company*, 68 Hun, 369 ; *Ward* v. *New York & Harlem R. R. Co.*, 79 id. 390 ; *Fleckenstein* v. *Dry Dock, etc., R. R. Co.*, 105 N. Y. 655.)

Without considering other features of the case, for the reasons mentioned the order appealed from should be affirmed, with costs.

All concurred; PARKER, P. J., in result, and KELLOGG, J., on ground last stated in opinion.

Order unanimously affirmed, with costs.