WEISS v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. STREET RAILROADS ⬯90—USE OF STREETS—CARE REQUIRED OF TRAVELERS.
    A driver of a vehicle is not absolutely bound to keep off or get off a street car track, but must fairly and in a reasonable manner respect the paramount right of the street railway company; and where he does so, and without any fault of his own is injured by the negligence of the company, he may recover therefor.
    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 190–193; Dec. Dig. ⬯90.]

2. STREET RAILROADS ⬯117—COLLISIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
    In an action for injuries to a driver in a collision with a street car, evidence *held* to require submission to the jury of the issues of the company's negligence and the driver's contributory negligence.
    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. ⬯117.]

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Morris Weiss against the New York Railways Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Jacob I. Berman, of New York City, for appellant.

James L. Quackenbush, of New York City (A. L. Wilbur, of New York City, of counsel), for respondent.

GUY, J. The action was to recover damages for personal injuries. On December 1, 1914, plaintiff was driving a one-horse wagon westerly on Eighth street, between Mercer and Greene streets. At or near Greene street the outside rear wheel of the wagon was struck by one of the defendant's west-bound cars, and the plaintiff claims he was thrown off the wagon by the collision, thus receiving the injuries complained of.

The accident happened in broad daylight. The plaintiff testified the horse was walking along the west-bound track; that plaintiff looked back to see if he could turn down Greene street; that no signal was given by the defendant's motorman before the collision; that plaintiff had stopped the wagon at 53 Eighth street, which is on the north side of that street, between Mercer and Greene streets; that when he turned out from in front of No. 53, and got on the car track, he looked back and saw the defendant's car coming west from Broadway, just a block away; that when he got near to Greene street, and was about to turn around, he looked and saw the car about half a block away. The plaintiff stated that No. 53 Eighth street was at the corner of Mercer street. He was evidently mistaken as to this, as it clearly appears that that place is 80 feet east of the east curb of Greene street. According to the testimony of plaintiff's witness Zlatchin, who was on the wagon with the plaintiff, there were trucks in front of the wagon at No. 53, and plaintiff pulled out on the track to get to Greene street, and the wagon was about 30 feet from that street, and had proceeded about 25 feet from No. 53, when the collision took place.

Defendant introduced testimony tending to show that the accident occurred without any fault on the part of the defendant; and at the close of the entire case the court, in passing on defendant's motion to dismiss, said: "I will dismiss this complaint on the authority of Adolph v. Central Park, North & East River Railway, 76 N. Y. 530" —to which ruling the plaintiff excepted. While the language used by Judge Folger in the case cited by the trial judge is susceptible of a construction which would justify the dismissal on the plaintiff's testimony, "the Adolph Case is no longer regarded as an authority, except as it has been modified by subsequent decisions." Schilling v. Metropolitan Street R. Co., 47 App. Div. 500, 62 N. Y. Supp. 403.

[1] The plaintiff was not absolutely bound to keep off or get off the defendant's track. He was, however, fairly and in a reasonable manner obliged to respect the paramount right of the defendant; and

if he did this, and without any fault on his part he was injured by carelessness or fault chargeable to the defendant, he would be entitled to recover. Fleckenstein v. Dry Dock, E. B. & B. R. Co., 105 N. Y. 655, 11 N. E. 951; Fishbach v. Steinway R. Co., 11 App. Div. 152, 42 N. Y. Supp. 883; Cohen v. Metropolitan S. R. Co., 34 Misc. Rep. 186, 68 N. Y. Supp. 830.

[2] On the facts presented by the record, the questions of defendant's negligence and plaintiff's freedom from contributory negligence should have been submitted to the jury.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.