## MULLENHOFF *v.* SHERER.

*(Superior Court of Buffalo, General Term.    June 29, 1888.)*

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

When the case on appeal does not state that it contains all the evidence given upon the trial, the appellate court will assume that there was sufficient evidence to sustain the verdict.

Appeal from trial term.

*Wm. B. Hoyt,* for appellant.    *F. R. March,* for respondent.

HATCH, J. The supreme court has decided that when a verdict is sought to be set aside as being against the weight of evidence, after a motion has been made for a new trial upon the minutes, it is essential that the case upon appeal state that it contains all the evidence given upon the trial; otherwise the court will assume that there was evidence sufficient to warrant the verdict rendered. *Cheney* v. *Railroad Co.,* 16 Hun, 415–419. The same rule is applied to a case upon appeal from the decision of a court or referee. Then, if the appellant intends raising, on appeal, the question that a finding is against the weight of evidence, the case must show that it contains all of the evidence bearing upon the question of fact sought to be reviewed. *Porter* v. *Smith,* 35 Hun, 118; *Spence* v. *Chambers,* 39 Hun, 193. The case upon this appeal does not state that it contains all the evidence given upon the trial. We must therefore assume that there was sufficient evidence to sustain the verdict given. We have, however, examined the evidence appearing upon the record. It appears that the testimony was conflicting; no motion for a nonsuit, or request to direct a verdict in favor of defendant, was made; and no exception was taken to the charge of the court. The case was fairly submitted; and, if we were at liberty to pass upon the question sought to be raised, we are not prepared to say that we should reach a different conclusion than that arrived at by the trial court. The judgment and order appealed from are therefore affirmed, with costs.

TITUS, J., does not sit in this case.