## OISHEI *v.* GILBERT.

*(Superior Court of Buffalo, General Term.   March 24, 1890.)*

1. HUSBAND AND WIFE—WIFE'S SEPARATE ESTATE.
    The right of a wife to hold property is as absolute as that of any other person, and whether she paid anything for it or not does not concern her husband's creditors, so long as it did not come through, or in some way from, him.

2. APPEAL—RECORD.
    The general term cannot say a finding is not sustained by the evidence where the case on appeal does not purport to contain all the evidence.

Appeal from trial term.

Action by Alice L. Oishei against Frank T. Gilbert, as sheriff of Erie county. From a judgment in favor of defendant, plaintiff appeals.

Argued before BECKWITH, C. J., and TITUS, J.

*E. C. Randall*, for appellant.  *Lewis & Moot*, for respondent.

TITUS, J.  This action is brought against the defendant, as sheriff of Erie county, to recover the value of some groceries, tobacco, scales, and other articles, taken from the store of the plaintiff on Seneca street by the defendant, on an execution in favor of Max Marx against Achillie J. Oishei for $88.62. It appears that Charles Oishei commenced the grocery business on the 4th day of February, 1886, at 75 Seneca street, and continued until the 11th day of December, 1886, when he made a general assignment of all of his goods and property to George F. Brownell, as assignee. The assignee took possession of the property, and made an inventory, and proceeded to dispose of it, at first by private sale, under an order of the court, and then at public auction. A major portion of the goods were sold at public sale to Achillie J. Oishei, on the 4th day of January, 1887, leaving a portion of them in the hands of the assignee unsold. The purchaser continued the business in his name, and the articles unsold by the assignee were left in the store, under an arrangement by which they were to be sold by Achillie J. Oishei for the assignee. In the mean time the store was removed to No. 73 Seneca street, and the business continued there until the 1st day of July, 1887, when Achillie J. Oishei made a bill of sale of his stock of goods to the plaintiff, his wife. It appears that, prior to the purchase of these goods from the assignee, Achillie J. Oishei had not been engaged in the grocery business in Buffalo, and had no interest in the stock of goods or business of Charles Oishei, except as a creditor. On the 27th day of October, 1887, the assignee made a bill of sale of the goods remaining in his hands, and any cause of action in his favor against the sheriff for wrongfully taking them; the items mentioned being six boxes of soap, four chests of tea, twelve pounds of Lucky Stripe, and a quantity of other tobacco and cigars. In April, 1887, and after Achillie J. Oishei had gone into the grocery business, Max Marx sold him a quantity of tobacco, for which the judgment of $88.62 was obtained against him. The sheriff, although forbidden by the assignee, made a levy under his execution, and sold the property above described as belonging to the assignee. The facts here stated with respect to the property held by the assignee, and the manner of his title, are undisputed and conceded by the counsel for the defendant in his statement of the facts in the case.

It is claimed by the plaintiff's counsel that the sheriff had no right to levy upon the goods obtained by her either from her husband or from the assignee, and that the trial court should have directed a verdict in her favor for their value. As to the property which came to the plaintiff by bill of sale from the assignee, it is difficult to see what right the creditors of Achillie J. Oishei can have in it. In order to successfully defend as to that property taken by the sheriff, it must be made to appear that Achillie J. Oishei had some interest in the assigned property, and that the assignment was a fraud upon his creditors; otherwise, they would have no interest in the property assigned by Charles Oishei, and, in case that assignment was declared void for fraud at the suit of the creditors of Charles Oishei, the creditors of Achillie J. Oishei could not levy upon it. *Southard* v. *Benner*, 72 N. Y. 424; *Spring* v. *Short*, 90 N. Y. 538. The creditors of Achillie J. Oishei are not interested in the property of his wife, with which he has had nothing to do, and which was obtained by means independent of him. The right of the wife to hold property is as perfect and absolute as that of any other person; and whether she has paid a full consideration, or whether it came to her without paying anything, are matters which do not concern her husband's creditors, so long as

it does not come through, or in some way from, him, and is no more subject to levy and sale for his debts than the property of any other third person. Max Marx was a creditor of Achillie J. Oishei, and became such after the assignment to Brownell. He had no interest in the property assigned by Charles, and his creditors cannot interfere with that property in the hands of the assignee. They have no standing in court, and could not in any event succeed to the rights of Charles Oishei, if his assignment should be declared fraudulent and void. *Bowlsby* v. *Tompkins,* 18 Hun, 219. As to the property which Achillie J. Oishei bought and owned, the rule is different. The transaction with his wife with reference to it may be inquired into; and if the jury should believe from sufficient evidence that the transfer to the plaintiff was made to defraud his creditors, and to put the property beyond the reach of execution, then, as to such property, the defendant would be protected.

The jury have practically found in favor of the defendant on that question, and the court cannot say that there was not sufficient evidence to sustain the finding, as the case does not purport to contain all the evidence bearing upon that question. *Mullenhoff* v. *Sherer,* 1 N. Y. Supp. 759.

It seems to me, therefore, that the plaintiff was entitled to recover for the value of property taken which belonged to the assignee of Charles Oishei, and the jury should have been instructed to give the plaintiff a verdict for its value. A new trial should be ordered, with costs to abide the event.

BECKWITH, C. J., concurs.