### WARD *v.* ROCHESTER ELECTRIC RY. CO.

*(Supreme Court, General Term, Fifth Department.* January, 1892.)

STREET RAILROAD—PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

Plaintiff's intestate was fatally injured while attempting to drive across a street-railroad track. There was evidence that, at any time before reaching the track, deceased by a glance could have informed himself of the approach of the cars, but that he drove on the track without looking in either direction. *Held,* that deceased was guilty of contributory negligence.

Exceptions from circuit court, Monroe county.

Action by Bridget Ward, as administratrix of Timothy Ward, deceased, against the Rochester Electric Railway Company for damages for negligently causing death of plaintiff's testator. A nonsuit was entered, and plaintiff's motion for a new trial directed to be heard at the general term in the first instance. New trial denied. See 16 N. Y. Supp. 383, *mem.*

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*J. & Q. Van Voorhis,* for plaintiff. *Theodore Bacon,* for defendant.

LEWIS, J. The defendant owns and operates a street surface railroad extending from the northerly limits of the city of Rochester to the shore of Lake Ontario, at Charlotte. Its track runs along the westerly edge of the traveled part of the highway known as the "Boulevard." Its cars are propelled by electricity. The deceased was a farmer residing upon the Boulevard near the lake, and was at the time of receiving the injuries which resulted in his death returning from the city, riding along the Boulevard in an open wagon drawn by one horse. West of the track and Boulevard was an hotel with a semi-circular drive-way leading to it from the Boulevard. The deceased arrived at this drive-way at 40 minutes past 6 on this 29th day of July, and turned his horse into the drive-way towards the hotel. As his wagon was upon the defendant's track, the back part of it was struck by the cars of defendant running northerly, and the deceased received injuries from which he died. The proof tended to show that the defendant was guilty of negligence causing the deceased's injuries, but the plaintiff, we think, wholly failed to show that the deceased was free from negligence contributing to the accident. From the time he left the traveled part of the Boulevard to cross the track, the defendant's track, and the cars moving thereon, for a quarter of a mile to the south, could have been plainly seen by him had he looked in that direction. His horse was upon a walk. He was sitting upon the seat of the wagon, with his head bent forward. He drove upon the track without looking in either direction. He drove upon the track apparently paying no attention to whether the car was approaching him. He was acquainted with the Boulevard and with the running of the defendant's cars. A glance to the south at any time before he reached the track would have informed him of the approach of the defendant's cars. He heedlessly and negligently drove upon the track, and it seems to be quite clear that he was not free from negligence contributing to his death. There was some evidence tending to show that he was somewhat intoxicated that afternoon. Judgment should be ordered for the defendant upon the nonsuit, with costs. So ordered. All concur.