Hatch, J.
The ground upon which this motion is made, as stated in the notice of motion, is that the court erred in granting a nonsuit, and in not allowing plaintiff to go to the jury. Plaintiff therefore seeks to present for determination an exception to a *599 ruling upon a question of law. ¡No judgment was entered, and consequently there is no appeal from one, although the notice of appeal speaks of a judgment. Defendant insists that as there is no judgment appealed from, and no case made, the record presents no question for review. Code Civ. Proc. § 999, authorizes the 2notion for a new trial based upon a direction dismissing the complaint, and also authorizes an appeal from an order made thereon. This appeal is from such an order; consequently, so far, the practice is regular, and presents the question. But the section further provides that such appeal is to be heard upon a case prepared and settled in the usual manner. The record here presented is indorsed a “Bill of Exceptions,” and it is claimed that such is not a case within thé rule. ¡No mention is made of a bill of exceptions in the Code, in terms, but a case is provided for generally, to be prepared as required by lawand the general rules of practice. By Sup. Ct. Rule 34 it is provided that a bill of exceptions shall contain only so much of the evidence as may be necessary to present the question of law upon which the exception is founded, which is to contain mainly tire evidence in narrative form. By rule 35 the party making the caseor exceptions shall procure the same to be filed after settlement and signing. It is quite true that the object of a bill of exceptions is to present to the court only questions of law for review, and to that end only so much of tire evidence as is necessary to present such questions is required. It is equally true that an appeal from a judgment presents questions of law only. But it does not follow from these concessions that a question of law may not be presented by what is called a “bill of exceptions,” although there be no appeal from a judgment. There is no command either, in Code or rule, that an appeal from the judgment must accompany the exceptions. Here the appeal from the order brings up the question, and the command is to put in enough evidence to present it. If sufficient evidence be presented to show that the ruling is wrong, what more is needed? If, from all that is presented, it does not affirmatively appear that any error was committed, the appeal fails. If the case prepared does not contain all the evidence, then it becomes the duty of the respondent, if he deems it essential, to have the omitted portion, or such part as he desires, inserted. The rule is clearly stated by Judge Finch in Porter v. Smith, 107 N. Y. 533; 12 St. Rep. 479
“ An exception appearing in the proposed case serves as a notice to the respondent of an intention to raise the question of error in the ruling excepted to, and puts upon him the responsibility of adding, by amendment, any needed proof.”
Where the appeal presents a ruling upon a question of fact involving the weight of the evidence, it is essential that the case contain a statement that it contains all the evidence on the point sought to be reviewed, Aldridge v. Aldridge, 120 N. Y. 614; 31 St. Rep. 948; Mullinhoff v. Scherer, 17 St. Rep. 387; 1 N. Y. Supp. 759; Howe v. Woolsey, 57 St. Rep. 507; 27 N. Y. Supp. 377; and this for the reason that there is nothing to give notice that a review of a question of fact is intended unless the statement is made. The rule is different where an exception which raises a *600 question of law is taken. In the present case we have a record which states that the trial came on before the judge (naming him) and a jury; that “the following proceedings were had: The plaintiff, to maintain his cause of action, gave evidence tending to show.” Then follows in narrative form what purports to be the evidence relied on which is signed, settled and ordered filed by the judge who presided at the trial. This is a case within the meaning of the Code, and from the evidence thus returned, the court can determine whether the case ought to have gone to the jury or not, which is the question sought to be reviewed. The point sought to be presented is therefore raised The record shows that plaintiff was driving upon the track of a surface railroad, laid in one of the public streets of this city, with a horse and wagon. The motive power of the cars operated on the track was electricity. Plaintiff was familiar with the street, an'd had seen the cars operated thereon. He had driven in the track nearly half a mile; had met some cars, but had made no observation in the rear to see if any were approaching until he heard the bell ring, when he looked, and saw the car approaching him about thirty yards away. He then tried to get out of the track, but the car struck the wagon before it cleared the track, inflicting injury. The bell upon the car had been rung several times, and, when it crossed a street some distance from where plaintiff was injured, the bell was rung loudly, and could have been heard for a distance much further than plaintiff was then away. He did not seem to hear it, and made no effort to leave the track or get out of the way. It does not appear that the car was run faster than such cars are ordinarily operated upon this street, or but that the motorman wa.s competent to perform his duties. All that appears is that the motorman made no special effort to stop the car ; that he commenced to stop the car when within five or six yards of the wagon ; but did not stop, and caught the wagon on the edge of the box. It may be that enough can be-spelled out from the evidence to present a case for submission to-the jury respecting defendant’s negligence. The question is different with regard to plaintiff’s negligence. -It is not claimed but that, if he had looked behind,—the only point from which danger was to be apprehended;—he could have discovered the approach of the car in abundant time to have placed himself in a safe position. Had he given that attention to his surroundings which the law requires, he would have been apprised, by the signal given by the bell, that a car was approaching, in time to remove himself from the track. These things lie was required to do, and, failing in this observance, he was guilty of negligence. Adolph v. C. P., N. & E. R. Railroad Co., 76 N. Y. 533 ; Ward v. Rochester El. Railway Co., 43 St. Rep. 84; 17 N. Y. Supp. 427.
Error so found in the order entered, denying the motion for a new trial, due, without doubt, to the misconception of the attorney who entered it. This error consists in inserting, after the-statement that motion is denied, “with costs of motion to abide the event of action.” The order is final. There is no event to abide upon which to impose the condition. The court doubtless; never made such an order, but the attorney, intending to appeal, *601 inserted it without calling the court’s attention to it. This clause is stricken out, and the order appealed from is affirmed, with costs.