and also the amounts which defendant claims to have lost by reason of persons refusing to do business with him in consequence of such alleged dishonor."

As to the first, viz. the items and particulars of the damages to the defendant's credit,—these being general damages,—"It is no part of the office of a bill of particulars to state the elements which may enter into the general damage which may be recovered in such an action." Stokes v. Stokes, 72 Hun, 372, 25 N. Y. Supp. 406.

2. As to the item of any expenses to which defendant may have been put by the dishonor of his checks: As there was no such allegation in the answer, and the defendant did not claim them, it was unnecessary to give them; there being a clear distinction between an allegation of expense connected with dishonor of checks, and that in the answer, which relates to expense by reason of the curtailment of credit. If particulars of the latter had been asked, they might properly have been ordered.

3. As to the amounts which the defendant claims to have lost by reason of parties refusing to do business with him: Here, again, we find a misapprehension as to the allegation in the answer, which was not of any amount lost, but of profits of which the defendant was deprived, and which he could have made by a continuance of his dealings with the parties named in the schedule. But, even if we regard it as equivalent to an allegation of loss of business, "it does not thereby become the subject of a bill of particulars." Lane v. Williams, 37 Hun, 389. The claim of defendant is for injury to his credit and reputation, and the items of damage are divided into three divisions,—general damage, loss of business, and loss or expense occasioned by curtailment of credit. What items in respect to such damages might be claimed are pointed out in Peabody v. Cortada (Sup.) 18 N. Y. Supp. 622.

We think the order appealed from is erroneous, and should be reversed, with $10 costs and disbursements. All concur.

---

(10 App. Div. 98.)

### ROOKS v. HOUSTON, W. S. & P. F. R. CO.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

1. STREET RAILROADS—INJURY TO PERSON ON TRACK.
     The question as to whether an injury to plaintiff was caused by a car should be submitted to the jury, when he testifies that he was on the track, and heard a car behind him, just as he was struck.

2. CONTRIBUTORY NEGLIGENCE—FAILURE TO LOOK BACK.
     One riding a bicycle on a street-car track need not look behind him for overtaking cars.

Appeal from trial term, New York county.

Action by James H. Rooks, an infant, by Helen Rooks, his guardian ad litem, against the Houston, West Street & Pavonia Ferry Railroad Company, for personal injuries. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Clarence C. Ferris, for appellant.

Henry A. Robinson, for respondent.

BARRETT, J. There was evidence sufficient to go to the jury that the plaintiff was knocked down by a cable car. He testified that he was upon the cable-car track at the time of the accident. He was riding there upon his bicycle, and was utilizing the aperture between the rails which is provided for the cable, commonly called the "slot." "When I got to Nineteenth street," he testifies, "there was a noise, and suddenly I was knocked down." He added that he was familiar with the rumble made by a cable car, that it was a holiday, that the street was quiet at the time, that he did not see or hear any other vehicles, and that he distinctly heard the rumble and noise of a cable car behind him just as he was struck. This, under all the circumstances, was sufficient for the submission to the jury of the question whether the accident was or was not caused by a cable car.

There was also enough to go to the jury upon the main questions. The plaintiff was lawfully upon the track. Laws 1890, c. 568, §§ 162, 163. It is true, it was a place of danger, and the plaintiff was·bound to exercise corresponding care. Whether he did so was for the jury to determine. The trial court held him to be guilty of contributory negligence, as matter of law, because he failed to look back. No such duty was imposed upon him, as matter of law. His primary duty was to look in front of him; indeed, to keep a good lookout all around. But he could not ride upon his bicycle at all,—certainly not with safety,—and yet keep his head turned so as to observe what was going on behind. Whether his failure to observe the car at the time of, and under the circumstances surrounding, the accident, amounted to contributory negligence, was, to say the least, a question for the jury. He certainly had a right to expect the usual warning in his rear. Had that been given, he would, of course, have been bound to protect himself by getting off the track, and making way for the approaching car. Here, however, there was no warning. The gong was not sounded. There was no whistle, cry, or notice of any kind. The plaintiff was proceeding lawfully, and with a justifiable sense of security. The first he heard was the rumble and noise of the cable car. Immediately thereafter he was struck and knocked down.

The case, upon the facts, should have been submitted to the jury; and the judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.