(26 Misc. Rep. 754.)

### LANG v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. March 24, 1899.)

STREET RAILWAY—COLLISION—CONTRIBUTORY NEGLIGENCE.

One who, seeing a cable car coming, half a block away, very fast,—at the full speed of the cable,—gets into his wagon, covered at the sides, and, without looking further, starts to cross the track, is prevented by contributory negligence from recovering for injuries received.

Appeal from municipal court, borough of Manhattan, First district.

Action by Jacob Lang against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.

Friend, House & Grossman, for respondent.

MacLEAN, J. A horse facing uptown, and a wagon having a top closed on the sides, but open before and behind, were along the easterly curb of Broadway. Before getting into his vehicle, the owner and driver saw a car coming up, half a block away. "It was going very fast," said a youth who was with him, in answer to a direct question of the court. "It was going at the full speed of the cable," the motorman testified. With this to confront him, the man entered his wagon, and, without further looking, turned about to go downtown. When the wagon was turned right around, and the horse and the first wheel were off the track, he saw the car, which struck a hind wheel, overturning the wagon, and injuring it and its contents, and a finger of the driver. For these, this action was brought, and the plaintiff recovered judgment, to which he was not entitled. Instead of showing absence of contributory negligence on his part, he and his witnesses proved his gross carelessness, in driving without being watchful as to the danger he was then almost sure to meet. Of himself, he said he "could not look." If by that he meant that his wagon was so covered that he could not see about him, that helps him nothing. If a man does not take heed to his

·way when he should, it is of little moment whether it be because he does not take the trouble to look, or because he beforehand has so surrounded himself that he cannot look.

The judgment should be reversed, with costs.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs. LEVENTRITT, J., took no part.