the water is collected, or as owner or proprietor of the land from which the water is drawn.

Those cases which have been reported since the Smith Case was decided by this court have not added to the strength of the defendant's position. So far as there has been expression, their tendency, we think, is to support the view which we have heretofore taken, and now take, even though they mostly involved the construction of special statutes. U. S. v. Alexander, 148 U. S. 186, 13 Sup. Ct. 529, 37 L. Ed. 415; Proprietors of Mills v. Braintree Water-Supply Co., 149 Mass. 478, 21 N. E. 761, 4 L. R. A. 272; Bailey v. Woburn, 126 Mass. 416; Wheelock v. Jacobs, 70 Vt. 162, 40 Atl. 41, 43 L. R. A. 105. Wherever the rights of adjoining landowners have been concerned, the old rule of the absence of correlative rights has been asserted. But these cases do not apply where the right sought to be exercised is not that of the use of the land, except for the specific purpose, either intentionally or necessarily, of drawing such water from an adjoining owner. We are impressed with the importance of the question which we are now deciding, as we are aware that it materially affects the city of New York, especially in the borough of Brooklyn, in connection with its source of water supply, and creates much embarrassment in the present source and expense of the future supply. But, bearing all of these questions in mind, we are not able to bring ourselves to the conclusion that the greatest necessity can work a rule of law which operates to the destruction, without compensation, of property rights of individuals, in order that this municipality may have a water supply. We can readily see why the rights of landowners must be made to yield to the necessities of this multitude of people, but we are unable to find any principle of law through which such landowner is required or compelled to sacrifice his property rights for the benefit of the multitude who require it. It seems to us that a law which works such a result would be a gross invasion of property rights, and ought not to find countenance with the courts.

For these reasons, we think the judgment should be affirmed. All concur.

---

### WARREN v. UNION RY. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

STREET RAILROADS—NEGLIGENCE—DISMISSAL OF COMPLAINT.
　　Plaintiff's evidence tended to establish that he was seated in a grocery wagon, the back and sides of which were inclosed by oilcloth curtains, and was driving along a certain street, each side of which was either out of repair, or incumbered with rubbish, so that the passable part of the roadway ran so close to defendant's car tracks that the wheels of plaintiff's wagon nearest the track were only about a foot from it; that while so driving along said roadway a car of defendant came up rapidly from behind, without warning, and struck plaintiff's wagon, throwing it over and seriously injuring him. *Held*, that a dismissal of the complaint at the close of plaintiff's testimony was error.

Appeal from trial term, New York county.

61 N.Y.S.—64

Action by Richard Warren against the Union Railway Company of New York. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. A. Taliaferro, for appellant.
Alfred Lauterbach, for respondent.

RUMSEY, J. The action was brought to recover damages for injuries suffered by the plaintiff because of a collision between the wagon on which he was riding and a car of the defendant. The evidence would have warranted the jury in finding: That the plaintiff, seated in a grocery wagon, the back and sides of which were inclosed by oilcloth curtains, was driving along White Plains avenue, in the city of New York. The defendant's track was laid in the center of the street. Each side of the street was either out of repair, or incumbered with rubbish, so that the passable part of the roadway ran so close to the defendant's track that the wheel of the plaintiff's wagon nearest the track was only about a foot from it. As he was driving in that place, a trolley car of the defendant came up rapidly from behind, without any warning, struck the wagon in which the plaintiff was sitting, threw it over, and inflicted serious injury upon him. At the conclusion of the plaintiff's evidence, which tended to establish the foregoing facts, the complaint was dismissed by the trial court. This is clearly error, within the principles established in the case of Rooks v. Railroad Co., 10 App. Div. 98, 41 N. Y. Supp. 824. A few of the rulings of the court with regard to the admission of evidence, which were excepted to, were erroneous; but, in view of the conclusion we have reached as to the merits, it is not necessary to consider these separate rulings.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.