TOTARELLA v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. July 23, 1900.)

1. STREET RAILROADS—PERSONAL INJURIES—NEGLIGENCE.

Where plaintiff's intestate, a boy between 10 and 11 years old, attempted to cross the track 50 feet in front of defendant's car, and, having stumbled and fallen, was run over by one of defendant's cars, and it appeared that the car was running up grade at the rate of 6 miles per hour, and could have been stopped within 2 to 4 feet, defendant was guilty of negligence, without reference to the question of intestate's contributory negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Evidence that plaintiff's intestate had been in the habit of stealing rides on defendant's cars was not admissible in an action against a street-railroad company for his death, where it did not tend to prove contributory negligence on the occasion of the injury for which damages were sought.

Appeal from trial term.

Action by Crescenzo Totarella, administrator of the estate of Joseph Totarella, deceased, against the New York & Queens County Railway Company, to recover for the death of plaintiff's intestate. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William E. Stewart, for appellant.
Franklin Pierce, for respondent.

WOODWARD, J. This is an action for negligence. There were two distinct theories of the accident placed before the jury by the evidence. One of these was that the plaintiff's intestate, a boy between 10 and 11 years of age, was engaged in stealing a ride upon the rear end of a car operated by the defendant upon a double-track system; that, when the car on which he was riding was about to meet a car going in the opposite direction, he dropped from his position on the first car, and ran in front of the advancing car just in time to be struck and knocked down and under the wheels of the second car, giving the motorman no time in which to bring his car under control, although it was moving up grade at the rate of about 6 miles per hour. The other version of the accident, and the one relied upon by the plaintiff, is that the boy started from the curbstone; that he was 50 feet from the advancing car when he attempted to cross; that he stumbled and fell; and that he was run over and injured so seriously that he died from the effects of the accident afterwards. The learned trial court charged the jury, without exception by either party, that:

"Even though you find that the boy did not look to the right or to the left when he undertook to cross the track of the defendant company, and even though you find that he did not see the car approaching, when he might have seen it had he looked, nevertheless, if he fell upon the track, and lay there in a position of danger, and the motorman of this car could by the exercise of ordinary care have checked its course, and could have prevented the death of

this boy, and did not do so, then his omission to perform that duty was an act of negligence which would. justify a recovery by the plaintiff in this action."

The jury evidently accepted the plaintiff's version of the accident, and brought in a verdict for the plaintiff for $2,500.

The defendant urges upon this appeal that the boy was sui juris, and that it was necessary to a recovery that he should be shown to have been free from contributory negligence. We are of opinion, however, that under the evidence, accepting the version most favorable to the plaintiff, and which had the approval of the jury, it cannot be said that the negligence of the plaintiff complained of, even if established, contributed in any legal sense to the accident, and therefore that the court did not err in refusing a nonsuit. There was evidence that the plaintiff's intestate started to cross the track in front of the car while yet the car was 50 feet away. It cannot be said, as a matter of law, that a boy of 11 years of age is guilty of negligence in attempting to cross a street railroad under these circumstances, with the car running at the rate of 6 miles an hour. The boy is said by the witnesses for the plaintiff to have stumbled and fallen upon the track. The car was moving up grade at the rate of 6 to 8 miles an hour. It was in evidence, through defendant's own witness, that the car, by the use of the appliances at hand, could have been stopped in 2 to 4 feet. The plaintiff's witnesses testified that it might have been stopped in 40 to 50 feet. Assuming this to be true, it was negligence for the defendant to run over and kill this boy, independent of the question of his own original negligence, assuming it to have existed. This question was fully discussed in the recent case of Weitzman v. Railroad Co., 33 App. Div. 585, 53 N. Y. Supp. 905, and it need not be repeated here.

It is urged, also, that it was error to exclude testimony as to the previous conduct of the plaintiff's intestate in stealing rides upon the cars of the defendant; and Wendell v. Railroad Co., 91 N. Y. 420, is cited in support of the proposition, but a careful reading of that case does not justify the contention of the defendant. The question to be determined was whether the plaintiff's intestate on the day of this accident was guilty of negligence contributing approximately to this accident, and evidence that on a previous occasion he had stolen a ride upon the car of the defendant would not be competent to dispute the positive evidence that on the occasion of this accident he was crossing the street. In the Wendell Case the question of evidence was not raised. The court merely referred to the fact that it appeared in evidence that plaintiff's intestate, a child 7 years of age, was familiar with the railroad crossing, and the custom of the flagmen to be present and to give warning, as the child had previously been warned by them. The evidence was in the case without objection or exception, so far as appears from the opinion, and that case does not constitute an authority in support of the defendant's contention on this appeal.

The judgment and order appealed from should be affirmed, with costs. All concur.