# Cases

# SECOND DEPARTMENT

IN THE

# APPELLATE DIVISION,

## December, 1900.

---

GILBERT E. MAPES, Appellant, *v.* UNION RAILWAY COMPANY OF
NEW YORK CITY, Respondent.

*Negligence — driving a covered wagon on street car tracks without looking behind for
approaching cars — effect of the motorman of a colliding car being asleep — con-
tributory negligence, when not a defense.*

In an action to recover for personal injuries it appeared that the plaintiff was
driving a wagon, the back and sides of which were inclosed, at about five
o'clock on a November morning, along an avenue in New York city sixty feet
wide, in the middle of which the defendant maintained a street railroad; that in
order to avoid a pile of building materials extending along the street about one
hundred feet, the plaintiff, without, so far as was shown, looking for approaching
cars, drove upon the tracks, and when half way along the pile heard a noise, upon
which he looked behind him and saw a car at a distance of less than twenty
feet, approaching rapidly; that he endeavored to get out of the way of the car,
but failed to do so before the car, which was on a down grade, ran violently
into the wagon. The motorman of the car testified that "The car was going
at the rate of twenty-five miles an hour and I was asleep."

*Held*, that the question whether the plaintiff exercised ordinary care should have
been submitted to the jury;

That, even assuming that the plaintiff did not establish freedom from negligence
on his part, the evidence showed such an utter absence of all care and diligence
on the part of the defendant's motorman as would not be excused by the plain-
tiff's negligence, it being a question for the jury whether such gross negli-
gence on the part of the defendant's motorman was not equivalent to inten-
tional mischief.

JENKS, J., dissented.

APPEAL by the plaintiff, Gilbert E. Mapes, from a judgment of
the Supreme Court in favor of the defendant, entered in the office

of the clerk of the county of Orange on the 20th day of March, 1900, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the Orange Trial Term.

*Thomas Watts,* for the appellant.

*Eugene Treadwell* [*H. L. Scheuerman* with him on the brief], for the respondent.

GOODRICH, P. J.:

The plaintiff was driving a milk wagon along the Southern Boulevard in New York city, at five o'clock in the morning of November 2, 1898, when he was struck by a car of the defendant and received serious injuries. The boulevard at the place of the accident runs from southwest to northeast, is paved and about 60 feet wide, and the defendant's road is in the middle. The wagon was covered and inclosed except for the front and two doors on the sides. The plaintiff was just to the rear of the two doors and had milk cans piled up before and behind him. There was a lantern inside the wagon, but no light was visible from the rear. He drove up the boulevard toward the northeast, and delivered milk at a place on the right-hand side, then crossed the tracks, turned back, and, after driving down the boulevard about 800 feet, came to a pile of building materials which extended about 100 feet along the curb on the right and out to such a distance that in order to pass it he had to drive out onto the defendant's tracks. There is no evidence that he looked for an approaching car at any time until he was half way along the pile, when, hearing a noise, he looked out and saw a car behind him at a distance of "less than twenty feet" and running rapidly. He endeavored to get out of the way, but failed to do so, and the car ran violently into the wagon which was partly on the right-hand track. The motorman was called as a witness for the plaintiff and testified: "The car was going at the rate of twenty-five miles an hour and I was asleep."

At the close of the plaintiff's evidence the defendant moved for a nonsuit on the ground that it appeared affirmatively that the plaintiff was guilty of contributory negligence, and that it did not appear that the defendant was guilty of negligence, or solely to blame for the accident. The court granted a "nonsuit; not on the merits."

It is not difficult to say that under such circumstances the motorman was guilty of negligence. The question is whether it can be said as matter of law, not as matter of fact, that the plaintiff had shown himself to be free from contributory negligence.

In *Rooks* v. *Houston, etc., R. R. Co.* (10 App. Div. 98) it was held, Mr. Justice BARRETT writing, that a bicycle rider proceeding along a city cable railroad slot is under no legal obligation to look behind in order to detect the approach of a cable car, which gives no signal of its approach, the rumble and noise of which he hears behind him only just as he is struck, and that the question was one of fact for the jury.

*Fishbach* v. *Steinway R. Co.* (11 App. Div. 152) was a case where a person on a dark morning, before daylight, was driving a covered wagon upon the defendant's track, along the side of which the road was out of repair. Before the plaintiff drove upon it he looked to the rear and saw no car approaching, but after driving about three blocks he was run into from the rear by a car making five or six miles an hour. The motorman testified that he rang the gong, but did not discover the wagon until he was within fifteen or eighteen feet of it, when he reversed the power, but was unable to prevent a collision. He was in a sleepy condition, and there was evidence that before this time he had been found asleep on his car. This court held, Mr. Justice HATCH writing, that the questions of negligence and contributory negligence were for the jury. He referred to *Winter* v. *Crosstown Street R. Co.* (8 Misc. Rep. 362), in which he had delivered the opinion of the court, saying that the opinion in the *Winter* case was based upon *Adolph* v. *Central Park, N. & E. R. R. R. Co.* (76 N. Y. 538), and that while there were some expressions in the opinion of Judge FOLGER which would support the rule expressed in the *Winter* case, subsequent reflection had convinced him that the decision in the latter case was erroneous. The *Winter* case, therefore, cannot be regarded as authority.

In *Warren* v. *Union R. Co.* (46 App. Div. 517) it was held, Mr. Justice RUMSEY writing, that where it appeared that the plaintiff was driving a covered wagon, the back and sides of which were inclosed, along a public highway, in the center of which the defendant maintained its railroad track, and where, in consequence of the street being out of repair and incumbered with rubbish, the plaintiff

drove his wagon so that one side was about a foot from the track, and the wagon was overturned by a trolley car approaching rapidly and without warning from the rear, it was error for the court to dismiss the complaint, citing the *Rooks Case* (*supra*).

In *Devine* v. *Brooklyn Heights R. R. Co.* (34 App. Div. 248) the plaintiff had been driving a wagon at night on a public street in Brooklyn for a considerable distance, and had turned out once or more upon a signal from an approaching car, but was not keeping watch behind him. His first intimation of an approaching car was given by his son, who was riding with him, when the car was within a few feet of the rear of the wagon. The brakeman testified that he saw the wagon when about twenty-five feet distant, but was unable to stop the car, as it was running on a down grade five or six miles an hour. We held, Mr. Justice WOODWARD writing, that it was not matter of law, but matter of fact, whether or not the defendant was guilty of negligence and the plaintiff of contributory negligence.

In *Johnson* v. *Brooklyn Heights R. R. Co.* (34 App. Div. 271), Mr. Justice WOODWARD again writing, we reversed a judgment entered on a verdict for the plaintiff. It appeared that the plaintiff was driving in a suburban neighborhood, on a down grade, along the defendant's track, where all cars of necessity approached him from the rear, and was struck by one of them. There was no evidence that he had once looked behind him while going for a mile or more, or that he had listened for evidences of the approach of a car, or that he had done any of those things which a reasonably prudent man would have done under the same circumstances. We held that there was nothing in the facts of that particular case from which a jury might reasonably infer that the plaintiff was free from contributory negligence; that in the absence of direct testimony on this point there was nothing upon which to base a verdict for the plaintiff, and that a nonsuit should have been granted. That case differs from the one at bar, as here the plaintiff drove upon the track temporarily and only for the purpose of passing around an obstruction.

We said in *Quinn* v. *Brooklyn City R. R. Co.* (40 App. Div. 608) that while we had theretofore held that it was not in all cases negligence as matter of law for one driving in the tracks to fail to look backward to see an approaching car, we also had held that a

person attempting to cross must be on the alert to discover the approach of a car from the rear. This was a case where the plaintiff crossed the track without looking and was struck by a car coming from behind. We said there was not "the slightest evidence that the plaintiff took any precaution whatever before approaching the track or attempting to cross it, to ascertain the proximity of any car." We also referred to the fact of common knowledge that a car going at high speed creates a noticeable whir, and declared that it taxed credulity to believe that if the plaintiff either had looked or listened he would not have been aware of the approach of the car.

But these last two cases were decided like all such cases upon the particular facts. Neither held that in a case like the present the plaintiff's contributory negligence was a matter of law. Every negligence action is pre-eminently *sui generis.* Each must be adjudged upon its own peculiar facts. We decided that upon the facts in those cases the plaintiff was not entitled to recover.

I find no case which questions the authority of *Ernst* v. *Hudson River R. R. Co.* (35 N. Y. 9). On the other hand, that case has been cited with approval in *Wilcox* v. *Rome, W. & O. R. R. Co.* (39 N. Y. 358) and *Gorton* v. *Erie Railway Co.* (45 id. 660). In the *Ernst* case, Judge PORTER wrote an elaborate opinion, in the course of which he said (pp. 36, 38) : " It is not true that a traveler on a public thoroughfare is guilty of culpable negligence, as matter of law, if he does not stop to listen, or look up and down the track before he goes over a crossing. The proposition is in direct conflict with repeated adjudications in this and in other courts. Whether such an omission is culpable depends upon the facts and circumstances of each particular case. There is a class of cases in which the proof of the plaintiff's negligence is clear and undisputed ; and whenever this appears a nonsuit is matter of legal right. A party who sees or hears an approaching engine and chooses to take the risk of crossing before it rather than await its passage, forfeits all claim to redress ; and, under such circumstances, it is not only the right but the duty of the courts to apply the familiar rule, *volenti non fit injuria.* . But there is another class of cases in which it is equally well settled that we have no authority to impute negligence to the deceased, for an omission which may fairly be attributed

to the very wrong resulting in his death.   *   *   *   The question whether the plaintiff was free from negligence, in ordinary cases of this description, is one of fact to be determined by the jury, under appropriate instructions, and subject to the revisory power of the courts.   Occasional instances occur, where the proof of misconduct is so clear and decisive that the judges are bound to pass on the question of negligence as matter of law.   It is a mistake, however, to suppose that the decisions made from time to time in these two classes of cases, conflict with each other, or involve any departure from the settled rules of law.   Where the question arises on a state of facts, on which fair-minded men may rationally arrive at opposite conclusions, the issue is properly submitted to the jury.   Where, as sometimes happens in exceptional cases, the injury is traceable to clear and unquestionable misconduct on the part of the plaintiff, it is the plain duty of the court to apply the law to the facts without the intervention of the jury.''

I think that these decisions required the submission to the jury of the question whether the plaintiff exercised ordinary care.

But even assuming that there was no evidence to establish the plaintiff's freedom from contributory negligence, there is another principle which must control our decision.   The plaintiff had the right to assume that the defendant would exercise ordinary care and diligence to prevent an accident of this character.   Even if established, the negligence complained of did not in any legal sense contribute to the accident.   ( *Weitzman* v. *Nassau Electric R. R. Co.,* 33 App. Div. 585 ; *Totarella* v. *N. Y. & Queens Co. R. Co.,* 53 id. 413.)   But the evidence in the present case showed an utter absence of all care and diligence on the part of the defendant's motorman.   We have here a car running at night at the rate of twenty-five miles an hour on a down grade in a city street, where other vehicles were likely to be, with the motorman asleep at his post and no one on watch.

I think no better statement of the law applicable to such a state of facts can be found than the words of Mr. Justice GILBERT, in *Green* v. *Erie R. Co.* (11 Hun, 334), a case which has never been questioned so far as I am able to discover : " The general rule, no doubt, is that the plaintiff, in an action for negligence, cannot

succeed if it is found by the jury that he himself had been guilty of negligence or want of ordinary care, which contributed to cause the accident. But this rule, in many cases, is qualified by another one, which is that though the plaintiff may have been guilty of negligence, and although that negligence may in fact have contributed to the accident, if the defendant could in the result, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse him. (*Radley and or.* v. *The Lond. & N. W. R. Co.*, Law Rep. [1 App. Cases] 754, 759; *Kenyon* v. *The N. Y. C., etc., R. Co.*, 5 Hun, 479, and cases cited.) We think it was a proper question for the jury, whether the defendant was not guilty of such gross negligence as was equivalent to intentional mischief."

It follows that it was error to grant a nonsuit, and this requires a reversal of the judgment.

All concurred (BARTLETT, J., in result), except JENKS, J., dissenting and HIRSCHBERG, J., not sitting.

Judgment reversed and new trial granted, costs to abide the event.