### Ignatz Goodman v. West Chicago St. R. R. Co.

1. NEGLIGENCE—*On the Part of the Plaintiff Will Bar a Recovery.*— Where the driver of a wagon, about to pass over a street car crossing, sees a car approaching at full speed a block away, persists in his attempt to pass over the crossing, and is struck by such car and injured, he is guilty of negligence in failing to use any diligence to keep off the track and avoid a collision.

Trespass on the Case, for personal injuries. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 4, 1902.

ISRAEL COWEN, attorney for plaintiff in error.

JOHN A. ROSE and LOUIS BOISOT, attorneys for defendant in error; W. W. GURLEY, of counsel.

MR. JUSTICE SHEPARD delivered the opinion of the court. This writ of error is prosecuted to reverse a judgment

for costs, entered upon a verdict of not guilty, which was directed by the court, in a suit brought by plaintiff in error to recover damages for personal injuries suffered by him, by reason of his wagon, a milk cart, being run into and upset while he was inside it, by an electric car owned and operated by the defendant in error.

The negligence of defendant in error is alleged in the declaration to consist in a lack of reasonable care in operating the car, and in its operation at a dangerous rate of speed.

The evidence shows that the collision of the car with the wagon in which plaintiff was riding occurred about the middle of the afternoon on February 3, 1899, on Twelfth street, a little east of Sangamon street, in the city of Chicago. Twelfth street runs east and west, and is occupied by a double street car track.

The plaintiff was engaged in delivering milk from his wagon. He approached Twelfth street from the north, along Sangamon street. Arriving at Twelfth street he turned into that street on the north side of the car tracks and was proceeding east and south across the tracks. At the same time an electric car was coming toward him from the east, and before his wagon got over the tracks the car struck one of the hind wheels of the wagon and upset it.

The wagon was one of the ordinary kind of enclosed milk wagons, having a door on each side about the middle. From the doors to and across the front end of the wagon box, it was enclosed partly with wood and partly with glass. The driver sat in about the middle, opposite the doors, and drove his horse with reins that ran through the front end of the enclosure.

Appellant testified that from where he sat, "sometimes I could see as far as the head of the horse and sometimes farther; it depended upon the way the weather was."

He further testified:

" The first view I got of the car was when it was a little over a block away. It was going west, coming towards

me. I saw the car plainly; I saw something on the road; I thought it was the car. I did not see the car plainly; I saw a yellow thing coming on the road, so I thought it was the car. I knew it was the car. I could not exactly tell you if it was coming slow or swift. When I first saw the car the horse was on the track; the wagon was not on the track yet. I could not tell where the horse's hind feet were with reference to the north rail of the track, at the instant I first saw the car; at that instant, may be the horse's head was on the track; I don't think the forward feet were on the rail."

It was thus made to appear that at the instant the plaintiff first saw the approaching car, the horse's head, at least, was over the track on which the car was coming, and the car was at such a distance that the plaintiff could have easily got out of the way if he had exercised reasonable diligence to avoid the collision. It does not appear that he made the slightest effort to hasten his horse across the track, or to turn back the horse from crossing ahead of the car. And it is made to appear by one of plaintiff's witnesses that nothing else was " moving around there on the street; there was no wagon or rig in the pathway of the car or the wagon, or upon the street intersection."

There is no testimony that the car was running at a rate of speed that was dangerous, or that was prohibited by the ordinances of the city. It was probably running at a high speed, but not at such a speed as was prohibited or was in itself dangerous. It ran only four or five feet before it stopped, after striking the wagon. With a car approaching, at full speed, a wagon that is crossing the car track a full block away, the drivers of each being in full view of each other, and with no hindrance to the wagon getting off the track by the exercise of reasonable diligence by the driver of the wagon, it may be negligence on the part of the car driver not to stop his car in time to avoid a collision, but it is surely contributory negligence on the part of the driver of the wagon to fail to use any diligence to get off the car track, before being struck by the car, such as will bar him from a recovery. Ward v. Rochester Electric Ry. Co., 17 N. Y. Supp. 427; Baumann v. Met.

Street Ry. Co., 47 N. Y. Supp. 1094; Lang v. Met. Street Ry. Co., 57 N. Y. Supp. 249; Quin v. Brooklyn City Ry. Co., 57 N. Y. Supp. 544; Reilly v. Met. Street Ry. Co., 61 N. Y. Supp. 785.

The judgment of the Superior Court is affirmed.