(109 App. Div. 917)

## Ex parte HILL.

(Supreme Court, Appellate Division, Second Department. November 29, 1905.)

Appeal from Special Term, Kings County.

Habeas corpus proceedings by the people on the relation of John Hill. From an order adverse to the petitioner, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Lockwood & Hill, for petitioner.

PER CURIAM. Order reversed, and petitioner discharged, upon the opinion in People ex rel. Silz v. Hesterberg (decided herewith) 96 N. Y. Supp. 386.

JENKS and MILLER, JJ., dissent.

---

(48 Misc. Rep. 655)

## KUNSTLER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 29, 1905.)

DAMAGES—PERSONAL INJURIES—EVIDENCE.

     In an action for injuries it was error to permit an expert to testify as to plaintiff's disabled condition, in the absence of evidence that he was free from such condition before the accident.

Appeal from City Court of New York.

Action by Max Kunstler against the Interurban Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Bayard H. Ames, for appellant.

Radigan, Burgen & Gray (Joseph H. Radigan, of counsel), for respondent.

PER CURIAM. This action is brought to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant company. The plaintiff was riding a bicycle northward on one of the tracks of defendant, when a north-bound car struck the rear wheel of the bicycle and threw him to the pavement. The jury found a verdict in favor of the plaintiff and assessed the damages at $350. Defendant appeals.

There is sufficient evidence to support the finding of freedom from contributory negligence on the part of the plaintiff and negligence of the defendant. Rooks v. Houston, W. S. & P. F. R. Co., 10 App. Div. 98, 41 N. Y. Supp. 824; Warren v. Union Ry. Co., 46 App. Div. 517, 61 N. Y. Supp. 1009; Mapes v. Same, 56 App. Div. 508, 67 N. Y. Supp. 358. No grounds for reversal appear under this branch of the

case. The plaintiff alleged in his complaint that he was injured in and upon his head, body, thighs, and arms; that his left thigh was severely cut and bruised, and his back was severely wrenched and sprained. Upon the trial plaintiff testified that he still complained of pain in the back. He was asked this question, viz.:

"Q. What is the present condition of your back? Defendant's Counsel: I object on the ground that it is incompetent, irrelevant, and immaterial, and too remote. (Objection overruled. Exception.) A. Very sore at times. It relieves for a while, and then shooting pains again."

Dr. Clarke was called on behalf of the plaintiff, and swore that he examined the plaintiff's back, limbs, and entire body; that plaintiff complained of pain in the back, and that there seemed to be a limited amount of motion on flexion and extension both—that is, forward and backward. The doctor was allowed to state, over defendant's objection, that the injuries he found were of a permanent character. This evidence probably had an important weight with the jury on the question of damages. The grounds of the objection to this testimony, as urged by defendant, were that it was too remote, is irrelevant, and not connected with the injuries received at the time of the accident. Admitting it to be a fact that he plaintiff suffered from pains in the back and from a defective and limited amount of motion, backward and forward, subsequent to the accident, the record fails to disclose any evidence of the physical condition of the plaintiff in respect to his back previous to the accident. The evidence falls short of establishing the causal connection between the accident and the subsequent conditions above described. Had it appeared, as is probably the case, that the plaintiff was in good health and strength, entirely free from these abnormal conditions, prior to the accident, it might be said that sufficient facts appear to warrant the conclusion that the painful and abnormal condition of the back was due to the injuries received at the time of the accident. It seems to us that the absence of the testimony as to the plaintiff's previous condition rendered the admission of the opinion of the expert that the condition of his back would be permanent an error that calls for a reversal. There was no proved connection between these particular physical defects and the injury. The mere fact that they were manifested thereafter was not sufficient.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

