GEFNER v. LEFKOWITZ & SONS, Inc.

(Supreme Court, Appellate Term, First Department.   June 26, 1916.)

NEGLIGENCE ☞83—PROXIMATE CAUSE—EFFICIENT CAUSE OF INJURY.

Where a driver whipped up his horse when within 15 feet of a 3½ year old child and ran over it, the act constituted the proximate cause of the injury, irrespective of the mother's negligence in allowing the child on the street.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 115; Dec. Dig. ☞83.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Gefner, an infant, by Max Gefner, his guardian

ad litem, against Lefkowitz & Sons, Incorporated. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Samuel Saltzman, of New York City, for appellant.

Amos H. Stephens, of New York City (Samuel L. Sargent, of New York City, of counsel), for respondent.

BIJUR, J. The evidence was that plaintiff left her child, 3½ years of age, on the sidewalk for a minute; that the child thereupon started to cross the street; that a wagon in charge of defendant's driver was coming along the street; and that when the child was in front of the horse, about 15 feet distant, in broad daylight, the driver whipped the horse, which went faster, whereupon the child was run over. On the motion to dismiss, the following colloquy took place:

"Defendant's Counsel: Well, then, there is a question of contributory negligence on the part of the mother allowing the boy to run out in the street.

"The Court: I do not see that there is negligence established on the part of anybody, or freedom from contributory negligence. There must be some evidence of negligence. A child cannot plunge in front of a moving horse. There must be some evidence in the case from which I can say that there has been negligence. There must be negligence proven against the driver. What negligence is the driver guilty of?

"Plaintiff's Counsel: Well, if a driver sees a child 15 feet from the horse, and begins to whip up a horse—

"The Court: Fifteen feet is too short a distance for a human being to get in front of a horse. That is negligence for anybody, for a man or a child.

"Plaintiff's Counsel: All a driver has to do is to use a little vigilance and draw the rein, and the horse will go over the other way.

"The Court: Complaint dismissed. There must be more evidence than that."

It seems to me quite evident that, regardless of the question whether the mother of the child was vigilant or not, her negligence in that respect was not the contributing cause of the accident, which came about, according to the testimony, by the affirmative negligent act of defendant's driver in whipping up his horse at a time when it was apparent that that act would cause injury to the child. Acts of a similar nature have repeatedly been held to be the sole cause of accidents equivalent to—in fact, almost—an intentional assault.. See Rider v. Syracuse R. T. Co., 171 N. Y. 139, 151, 63 N. E. 836, 58 L. R. A. 125; Spooner v. D., L. & W. Co., 115 N. Y. 22, 21 N. E. 696; Mapes v. Utica R. R. Co., 56 App. Div. 508, 514, 67 N. Y. Supp. 358 (because of its similarity to the case at bar); Connery v. Slavin, 23 Weekly Digest, 545.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.